DUNN BUS SERVICE, INC., v. EVELYN WISE, a Single
Woman.

191 So. 509
Special Division B
Opinion Filed October 20, 1939

*Worley & Gautier,* for Plaintiff in Error;
*Knight & Green,* for Defendant in Error.

THOMAS, J.—The plaintiff in error, defendant in the trial court, charges that there was a variance between the *allegata* and *probata* and that the verdict of $2,500.00 was excessive.

The case was submitted to the jury on the issue formed by the first count of the declaration and the plea of not guilty. It was alleged by the plaintiff that the defendant "through its agents and servants so negligently and carelessly drove * * * the said motor vehicle ("bus") in which said plaintiff was riding * * * that the said plaintiff was violently thrown about in said bus, striking against the seat and other portions of said bus, as a direct and proximate result of which the said plaintiff was seriously bruised, * * *."

The facts, as disclosed by the bill of exceptions, relied upon by the plaintiff to substantiate these allegations, but which it is claimed do not correspond with those averments, in substance are: The plaintiff became a passenger in defendant's antiquated omnibus. In the route traveled it crossed a railroad track and a bridge. When it passed the track an unusual "bumping" noise was plainly heard. The vehicle proceeded, without stopping or diminishing speed, to the bridge, a distance of four or five blocks, where the same sound was heard again. After the second report about two hundred feet were traversed when the bus lurched and some parts of it fell out and were strewn in the street. The driver then brought it to an abrupt stop. The back wheels were "kind of swung in" and the rear end sagged. The motion between the second noise, as the top of the bridge was reached, and the stop immediately afterward was described as violent with the result that the passengers were severely shaken.

We do not mean that the circumstances we have detailed were uncontradicted, but, as the court instructed the jury, it was within their province, upon failure to reconcile the testimony, to rely upon that which they believed to be true. For example, the driver of the vehicle in which defendant rode testified that he first heard an unusual noise when he passed the center of the bridge and started down the incline, and much testimony was adduced about the inspection of the bus and the probability that the breakdown was caused by a defective U-bolt. This contrivance holds the axle to the spring and if it is released the springs slide away, the body falls to the axle, and the wheels sheer out of their proper course.

The basis of the defense was that the injury was the result of a latent defect in the equipment and this being so no recovery could be given the sanction of this Court when the cause of action as pleaded was for negligent operation.

Many times has this Court announced that the declaration need only allege the act which caused the injury and that it was negligently performed. In Fla. Motor Transp. Co. v. Hillman, 87 Fla. 512, 101 South. Rep. 31, it was said that it was not necessary where the averment "carelessly and negligently * * * ran his motor bus against * * * plaintiff" appeared, to show whether the actual negligence consisted of incompetence of the driver, defective brakes or inattentiveness.

Obviously the negligence sought to be established here and relied upon for recovery was the conduct of the driver in failing to reduce his speed or make any investigation, from the time a defect was noticed until he finally stopped the bus.

It is true that he swore no extraordinary sounds were heard until he came to the crest of the bridge, but others

contradicted this statement and certainly what was audible to his passengers should have been heard by him, and any defect in the manageability of a vehicle is naturally more noticeable to the driver.

The negligence lay, considering the evidence we have cited that was doubtless given full weight by the jury, in continuing his journey after he knew or should have known of a defect in the bus, without slackening his speed until parts of the vehicle fell to the street and then halting suddenly and violently.

No variance could be charged to defendant in error for any discrepancy in the charge of negligent operation and the theory of damage because of latent defect. This was not discordance between the plaintiff's pleading and her proof, but between the plaintiff's pleading and the defendant's proof. This is not the variance so often discussed in explaining the rule requiring consistency of *allegata* and *probata.*

We conclude that the jury was justified in finding as they did and that in so deciding they rejected defendant's version of the cause of the wreck and resultant injury.

Being convinced that the plaintiff was entitled to recover, we reach the sole remaining question, namely, the excessiveness, or not, of the amount fixed by the jury. This should not be reduced unless it shocks the judicial conscience or is of such proportion that it smacks of prejudice, City of Jacksonville v. Vaughn, 92 Fla. 339, 110 South. Rep. 529; or was improperly influenced, A. C. L. Ry. Co. v. Whitney, 65 Fla. 72, 61 South. Rep. 179; or clearly excessive, S. A. L. Ry. Co. v. Callan, 73 Fla. 688, 74 South. Rep. 799.

The defendant in error was examined after the occurrence and it was discovered that there was a major dislocation of the coccyx bone, a contrusion over the left hip and that she

was suffering from hematoma. It developed also that arthritis was present and that an operation was necessary to remove a cyst in the ovary. It could not be definitely determined that the arthritis was traceable to the injury she received but expert testimony was given that one cause of it was trauma. The cyst was not the result of her experience, but it was aggravated by the shock she received and an operation was thus precipitated which might have been postponed indefinitely. The defendant in error had worked for many years with few interruptions and then only because of minor ailments and she was capable of earning at least twelve dollars weekly. Afterward she could do little and though nine months had passed she was still in pain and discomfort. Her outlay for doctor's fees, hospital bills and the like approximated three hundred fifty dollars.

There is nothing in these circumstances that raises the suspicion that the jury were affected by passion, prejudice or any influence other than the testimony of the witnesses, nor do we feel that the verdict was clearly erroneous. The finding was well within the scope of the evidence and the circuit judge properly placed his stamp of approval upon it by denying the motion for new trial; therefore, the judgment is affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

TERRELL, C. J., and BUFORD, J., concur in opinion and judgment.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.