BREEDING'S DANIA DRUG COMPANY, a Florida Corporation; JAMES M. BREEDING; LYON ELECTRIC CO., a Florida Corporation; and JERSEY ICE CREAM COMPANY, a Florida Corporation, v. ELBERT ALLEN RUNYON.

2 So. (2nd) 376
Division A
Opinion Filed May 16, 1941
Rehearing Denied June 6, 1941

*McKay, Dixon & DeJarnette,* for Plaintiffs in Error Breeding's Dania Drug Company, a Florida Corporation, James M. Breeding and Jersey Ice Cream Company, a Florida Corporation; *Morehead & Pellot* for Plaintiff in Error Lyon Electric Company;

*E. F. P. Brigham* and *Gramling & Gramling,* for Defendant in Error.

ADAMS, J.—Plaintiff recovered a $20,000 judgment against the defendant as joint tort feasors.

The plaintiff, a refrigeration man, was summoned by defendant, Breeding, to make certain repairs on some electrical refrigeration equipment in his drug store. Upon arriving plaintiff pulled the switch to disconnect the current from the compressor. Apparently the current was off, however, the pulling of the switch cut off only 110 of the 220 volts. In the course of the work the plaintiff's body came in contact with the compressor carrying 110 volts resulting in his injury.

Negligence is charged to Lyon Electric Company for improper wiring. Jersey Ice Cream Company is charged with installing the refrigeration equipment and leaving it to be operated after having knowledge that the wiring was defective and dangerous. Liability is charged to Breeding and Breeding Dania Drug Company for using the aforesaid equipment without inspection as required by city ordinance.

The record convinces us that the equipment was defectively wired. We are also satisfied that the wiring was the proximate cause of plaintiff's injury. Did the plaintiff produce sufficient evidence to show the concurring negligence of all the defendants caused the injury? L. & N. R. R. Co. v. Allen, 67 Fla. 257, 65 So. 8, L. R. A. 1915C:

"If their acts of negligence, however, separate and distinct in themselves, are concurrent in producing the injury, their liability is joint as well as several. Each becomes liable because of his neglect of duty, and they are jointly liable for the single injury inflicted because the acts or omissions of both have contributed to it."

There was sufficient evidence before the jury that the electrical work was done by defendant, Lyon

Electric Company. There was sufficient evidence before the jury that the refrigerating equipment was installed by defendant, Jersey Ice Cream Company, and that its agent knew of the dangerous condition.

The other defendants used the equipment approximately one year without an inspection as required by city ordinance. The occupant of premises is liable for latent defects which proximately cause injury to his invitees. The law fixes the duty of the occupant to exercise a reasonable degree of care commensurate with the surrounding circumstances. King v. Cooney-Eckstien Co., 66 Fla. 246, 63 So. 659, Ann. Cas. 1916C 163. The evidence is legally sufficient to submit the case to the jury. The probative weight of the testimony is for the jury. The verdict should not be set aside in the absence of a clear showing that it is contrary to the great weight of the evidence.

The defendant, Jersey Ice Cream Company, disclaims liability because the refrigerating equipment was installed by an independent contractor. With this we do not agree. The ice cream company insists it did not make the electric connection and is for that reason not liable. The ice cream company having undertaken to install the equipment is obligated to install same in a reasonably safe manner. Its servant gained knowledge, within the scope of his employment, that the equipment was dangerous. This notice was imputed to the ice cream company. 2 Am. Jur.—Agency, Section 368. Neglecting to remove the danger contributing to plaintiff's injury makes a case against the ice cream company.

We now consider whether the verdict is excessive. The burden is with him who assails the amount of the verdict to show that it is wholly unsupported by the

evidence, or that the jury was influenced by passion, prejudice or other improper motive. Tampa Electric Company v. Bazemore, 85 Fla. 164, 96 So. 297.

The plaintiff's burn was described by the attending physician as a third-degree burn, meaning a total destruction. Portions of the skull were burned so badly as to require removal. The plaintiff was 32 years of age and earning $27.00 per week at the time of injury. At the time of trial he had undergone four operations and required more. He will never be able to engage in normal work. His pain has obviously been great. Hospitalization and medical attention has been continuous and will continue for some time. The plaintiff will suffer ailments, loss of earnings, loss of personal appearance and inconvenience the remainder of his life. Our conclusion is that the verdict is not excessive. Courts are reluctant to substitute their judgment for that of the jury as to damages.

We now consider the propriety of exhibiting pictures of plaintiff's injury to the jury. In this we find no error. There was evidence that the pictures reflected the true condition of plaintiff.

The defendants had ample opportunity to cross-examine the photographer; to explain or refute their genuineness. The fact that they might have been gruesome did not render them inadmissible. The purpose of all testimony is to reveal the truth to the end that courts and justice may be persuaded by it to a just decision.

Error is asserted for the refusal to give certain requested charges. We have examined them in the light of the charge given by the court and find no error.

128

Finding no reversible error in the record the judgment is affirmed.

Brown, C. J., Whitfield, Buford, and Chapman, J. J., concur.