**THRIFT CABS, INC., a corporation, v. IDELL HERRING, joined by her husband, WESLEY HERRING.**

22 So. (2nd) 259 January Term, 1945

May 25, 1945 En Banc

*John E. Mathews*, for appellant.

*Evan Evans*, for appellee.

BUFORD, J.:

This is a suit to recover damages for negligence resulting in personal injuries received in an automobile collision.

The only question presented by this appeal challenges the verdict as being excessive. The verdict and judgment was for $4500.00 in favor of the wife who was injured, and $500.00 for the husband for loss incident to the injuries to the wife.

The record shows that the plaintiff wife suffered the following injuries; two fractures of the pelvis and one of the femur of the right hip; the bones all remained in good position and the fractures had satisfactorily healed before the trial.

Two well qualified physicians testified that in their respective opinions the patient would get entirely well and would suffer no after effects; that there would be no permanent injury.

The injury occurred on the 10th day of January 1944 and she was discharged by the attending physician on the 13th day of May, 1944 as cured.

Immediately after the injury was received plaintiff was taken to a hospital and put in a cast from the waist to the knees. The cast remained on about eight weeks and she was in the hospital nine weeks. She was then taken to her home where she was confined to her bed for some six to eight weeks and was then on crutches some eight or ten days. She was a housewife thirty eight years of age and was engaged only in house work, cooking and washing and looking after her children. Her mother and husband did all this while she was disabled. This necessitated the husband giving up his employment during the time he was thus engaged. She suffered some pain and discomfort while in the cast.

The Cab Company paid all hospital bills, X-Ray and doctor bills so that neither of the plaintiffs was out of pocket any money for treatment of the injuries.

We think the verdict and judgment in favor of the injured wife is excessive and, therefore, the same will be reversed for a new trial on the question of damages only. The verdict and judgment in favor of the husband does not appear excessive and is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL, BROWN, and THOMAS, JJ., concur.

ADAMS, and SEBRING, JJ., dissent.