MARGARET ANN SUPER MARKETS, INC., v. MRS. ESTHER K. SCHOLL and RAYMOND S. SCHOLL.

34 So. (2nd) 238                                        June Term, 1947
November 25, 1947                                             En Banc
On rehearing February 20, 1948

*Brown & Deans, Choate & Sinclair* and *Berryhill & Leaird,* for appellant.

*McCune, Hiaasen, Fleming & Kelley,* for appellee.

CHAPMAN, J.:

Mrs. Esther K. Scholl and husband, Raymond S. Scholl, obtained a judgment in the Circuit Court of Broward County Florida against Margaret Ann Super Markets, Inc., in a tort action for the sum of $20,000.00. The judgment in behalf of Esther K. Scholl was for the sum of $18,000.00, while the sum of $2,000.00 was allowed the husband, Raymond S. Scholl for the loss of consortium, money paid or obligated to be paid by him for medicine, hospitalization, nurses and physicians necessary to effect a cure of his wife, Esther K. Scholl. The wife sustained certain injuries as a result of a fall on February 22, 1944, while shopping in the defendant's place of business.

Count one of the amended declaration, in part, alleged that Esther K. Scholl was a customer in defendant's grocery store and while passing out the east entrance of the store was required to walk over a wet and slippery tile or cement floor. The slippery condition of the floor was caused by a block of ice negligently left near the passage way of customers leaving the east entrance of the store. The defendant knew or by the exercise of due diligence should have known the slippery condition of the floor and of which condition the plaintiff had no knowledge and slipped on the wet slippery tile floor thereby sustaining permanent injuries. At the time of the fall she was 48 years of age and in good health. As a result of the fall she sustained several injuries to her back rendering her unable to attend to her household duties. She has been confined to her bed a great part of the time and suffered a great deal. She contends her injuries are permanent and she will continue to suffer in the future. Her fall and injuries sustained are the direct result of the negligence of the defendant.

The second count of the amended declaration alleged the relation of husband and wife between Raymond S. Scholl and Esther K. Scholl and as a result of her said injuries Raymond S. Scholl was forced to expend considerable money for medicine, physicians and nurses in order to alleviate the suffering and effect a cure of his wife. In the future he will be obligated to expend other sums and that he has been deprived of the comfort, society and consortium of his said wife, and this condition will continue in the future as said injuries are permanent; and claimed damages in the sum of $5,000.00. The case was submitted to a jury on pleas of not guilty and contributory negligence. During the course of oral argument before this Court it was conceded that the sole question for consideration was whether or not the verdict in sum of $2,-000.00 allowed to the husband and the further sum of $18,-000.00 allowed to the wife for her injuries were excessive.

The record discloses that Mrs. Scholl at the time of the injury by occupation was a housewife and 48 years of age; the lower part of her backbone was fractured as a result of the fall in the defendant's store, and she suffered considerable pain for approximately fourteen months after the fall. When

the case was tried she testified that it was difficult for her to sit through a church service because of pain and suffering due to the injury sustained in the fall. She was operated on during March, 1945, and "improved greatly" and continued to improve up to the date of trial, but stated the end of the spine was "tender." Since the operation she has done her household work. She had some discomfort from the injury when the case was on trial in the lower court.

Dr. Peterson treated Mrs. Scholl and testified that an X-Ray showed a fracture through the fourth segment of the sacrum and as a rule such fractures cause a good deal of pain. In December, 1944, an internal examination was made and the uterus, tubes and ovaries were in normal condition, but the cervix was eroded and the uterus turned back. Thirteen months after the injury, in March, 1945, the cervix was cauterized and the uterus corrected. A misplaced uterus may be caused by a fall or childbirth. She gradually improved thereafter. Fractures of this nature usually heal in three or four months.

Dr. Robinson, called as a witness for the defendant, testified that he examined the plaintiff in February, 1945, and examined the X-Ray and it disclosed an incomplete fracture in that it did not go all the way through the bone. It was the physician's opinion that such a fracture as Mrs. Scholl had should heal in six or eight weeks. The witness examined Mrs. Scholl and found no evidence of the fracture about the end of the backbone as it had healed. The writer has diligently searched the record and has failed to find evidence of a permanent injury on the part of Mrs. Scholl as a result of the fall. There is evidence to support pain and suffering on her part for about fourteen months as a result of the fall. Her operation was performed in March, 1945, and she admits that since then she has done her household work except for heavy lifting and athletic activities.

We have ruled on the excessiveness of verdicts in many cases, some of which are viz:

$6,000 held excessive by $2,000 for permanent injuries to knee and other injuries causing severe suffering and requiring

expenditure of large sums for doctors and hospital bills. Florida Motor Lines v. Bradley, 128 Fla. 392, 174 So. 863.

Award of $7,000 for injuries suffered in automobile collision was excessive and reduced by requiring remittitur, where jury had awarded $2,340 on former trial. Nelson v. McMillan, 151 Fla. 847, 10 So. (2nd) 565.

Award of $11,000 damages for loss of automobile, loss of previously crippled leg, the ultimate healing of the stub of which was problematical, pain and suffering, medical expenses, cost of an artificial leg, and permanent disability was excessive, and judgment affirmed only upon condition of remittitur of $2,000. Gaynor v. Statum, 151 Fla. 798, 10 So. (2nd) 432.

Verdict of $5,000 to 68 year old man, whose earning capacity ranged from $25 to $35 per month, for injuries including right fracture of skull, fracture of right shoulder, sprained ankle and lacerations of right leg, requiring doctor and hospital bills of $261.55, was excessive by $2,000. McDougald v. Imler, 153 Fla. 619, 15 So. (2nd) 418.

Verdict for $4,500 for personal injuries, sustained by a housewife 38 years of age, consisting of two fractures of the pelvis and one of the femur of the right hip and which did not result in permanent injuries was excessive. Thrift Cabs v. Herring, 156 Fla. 18, 22 So. (2nd) 259.

$2,500 to woman who suffered dislocation of the coccyx bone, contusion over hip, and who was suffering from hematoma, and who suffered from arthritis not definitely attributed to injury, and who was required to undergo operation for removal of cyst aggravated by shock, and who suffered pain and discomfort nine months after accident and expended $350 for doctor's fees and hospital bills, held not excessive. Dunn Bus Service v. Wise, 140 Fla. 341, 191 So. 509.

$4,000 awarded to woman who suffered injuries consisting of concussion of the brain, deep laceration of the scalp, forehead and chest, and abrasions and contusions on other parts of body, was not excessive. Mansfield v. King, 142 Fla. 650, 195 So. 700.

The jury by its verdict fixed the husband's losses as a result of his wife's injuries at the sum of $2,000. The record

discloses that the sum of $438.00 was paid for medicine, nurses, doctors, etc., which reduces the amount of the verdict for other losses sustained to the sum of $1,562,00. Mrs. Scholl was injured on February 22, 1944, and as a result thereof was prevented from performing her household duties until March 15, 1945, a period of approximately thirteen months. The testimony of the husband places the time when the wife resumed her household duties at about two months after the operation, and fixes the period of approximately fifteen months in which his wife was disabled. An analysis of the jury's verdict, coupled with the testimony of Mr. Scholl, discloses that the jury places his losses for the services of his wife, consortium and society at approximately $100.00 per month. It is our conclusion that the evidence sustains this finding and the judgment for $2,000.00 therefor is hereby affirmed.

The verdict in the sum of $18,000.00 as assessed by the jury against the defendant below as compensation for all the injuries sustained by the plaintiff in connection with her fall when in the defendant's place of business, in light of the above authorities, cannot here be upheld because of its excessiveness. Our conclusion is that the verdict and judgment in behalf of Mrs. Scholl for $18,000.00 should be reversed for a new trial on the question of the amount of her damages only. The judgment in the sum of $2,000.00 for the husband is affirmed.

Reversed and remanded.

THOMAS, C. J., SEBRING and BARNS, JJ., concur.

TERRELL, BUFORD and ADAMS, JJ., dissent.

ON REHEARING

TERRELL, J.:

This appeal is from a final judgment in an action for personal injuries against appellant, wherein appellee, Esther K. Scholl was awarded $18,000. damages and her husband Raymond S. Scholl was awarded $2,000. for loss of consortium. On first consideration this court was of the view that the judgment as to Scholl should be affirmed but a majority of the court thought that as to Mrs. Scholl it was excessive and

should be reversed for a new trial on the question of damages only, and so ordered.

It is conceded that the only question before us on the main appeal and on petition for rehearing, is whether or not the amounts awarded were excessive.

The declaration alleges that Mrs. Scholl was forty-eight years old, and in good health at the time she was injured, that she was injured by falling on a tiled floor, the property of defendant which was permitted to become wet and slippery, on account of defendant's negligence. We do not deem it necessary to catalog her alleged injuries except to say that the evidence shows that her back and other parts of her body were seriously injured, that she was confined to her bed for a long time, that she still suffers great pain and discomfort, cannot perform her household duties and she contends that her injuries are permanent.

It is not disputed that Mrs. Scholl suffered serious injuries from the fall. As to whether or not they are permanent, the evidence is not altogether harmonious, but the case was tried almost three years after the accident from which she is suffering, and she is still unable to perform her household duties free from pain. At any rate, the jury had appellee before them and there was ample evidence to support a substantial verdict. When this is the case, there is no theory warranting us to tinker with it, unless it is shown to be unreasonable, and out of proportion to the injuries suffered.

The degree of the negligence, the extent of the injury and its equivalent in labor and commodities, are the main criteria available to a jury to measure the amount of its verdict in a personal injury action. Jurors are not permitted to divine their judgments from the ether, they are realists and are not actuated by the philosophy of the cemetery. They get leads to their verdict from the tangible and the commonplace and it speaks in terms of what the dollar will buy, so it availeth little when cotton is 50 cents, corn $2.50, steak one dollar and common labor six dollars, to cite cases that were decided when cotton was five cents, corn was fifty cents, steak twenty-five cents and common labor one dollar. The disparity is such that a verdict or judgment so predicated looks capricious. It would

be as reasonable to expect a carpenter to construct a house on the basis of prices that prevailed in 1939. Respect for law will not emerge from judgments so capricious.

An intelligent jury looking the injured in the face and observing the witnesses testify may be in better position to determine the damages that should be awarded in a personal injury case than a court is, situated miles away. They are in better position than we are to discriminate between the pseudo and the genuine and when the verdict rendered is approved by the trial court and has a reasonable relation to the damages proven, it should not be disturbed. There is at best an element of speculation as to what figure constitutes a reasonable judgment in such cases. It may vary as men's judgments vary. It is not in the bounds of mathematical exactness, and being human, it may not be as we would have assessed it, but these are not reasons that warrant us in reversing it. We must be shown that it imposes a hardship out of proportion to the injury suffered.

We find no such showing, so on petition for rehearing our former judgment of reversal for new trial on the question of damages only, is receded from, and the judgment below is affirmed.

BUFORD, ADAMS and BARNS, JJ., concur.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., dissent.