Action by Norman Zander against Usher Garage and Taxi Service, Inc., for personal injuries sustained in motor vehicle collision. From a judgment for plaintiff for $16,192.50, the defendant appeals.
Affirmed.
On July 19, 1944, Norman Zander was driving a truck north on Alton Road, Miami Beach, Florida, and approached the intersection of 13th Street; William Reeder, on the same occasion, was driving south on Alton Road and approached the intersection of 13th Street; and Jerome Rich, an employee of Usher Garage and Taxi Service, Inc., was driving westward on 13th Street and approached said intersection. It was alleged that the taxicab driver carelessly and negligently drove into the east intersection, supra, and into the path of the car driven by William Reeder, causing him to swerve his car to the left, and in so doing, struck the truck driven by the plaintiff Zander with great force and violence, thereby inflicting on plaintiff permanent injuries. The Usher Garage and Taxi Service, Inc., defendant, filed pleas: (1) not guilty; and (2) contributory negligence.
The issues made were submitted to a jury, which resulted in a verdict and judgment for the plaintiff in the sum of $16,192.50. It is contended by the appellant on this appeal viz: (1) the evidence adduced by the plaintiff below was legally insufficient to support the verdict and judgment entered below; and (2) the verdict and judgment for $16,192.50 in behalf of the plaintiff is grossly excessive and not supported by the testimony.
We have read the testimony challenged on this appeal and observe the sharp disputes and conflicts on the pivotal points, and especially is this true as to the identity of the driver of the defendant's *Page 576 
taxicab at the street intersection. The driver Rich testified that he had no knowledge of the collision until arrested at his home several hours afterwards. The verdict of a jury on disputes and conflicts in the evidence cannot be lightly considered or set aside by an appellate court where it appears that they have been correctly instructed by the trial court upon the law of the case and there is in the record testimony to support their conclusion as expressed in the verdict and the case is one in which a jury of reasonable men could, from all the evidence, have found such a verdict. Wolkowsky v. Goodkind, 153 Fla. 267, 14 So.2d 398.
It is next contended that the verdict for the plaintiff in the sum of $16,192.50 is not sustained by the evidence. It appears that the plaintiff, in the collision, sustained a fractured kneecap; the surrounding muscles were torn from their location by the impact; part and parcels of bone were picked from the joint; plaintiff will never regain the full use of his knee; he was in the hospital for three weeks with a cast on his leg (which he wore for eight weeks); his locomotion is by a wheel chair and crutches; he suffers pain continuously from the injury; medical and hospital expenses amounted to $2,350.00; losses to his business totaled $4,000.00, and damages to his truck came to $700.00. Our case of Margaret Ann Super Markets, Inc., v. Scholl,159 Fla. 748, 34 So.2d 238, is the answer to these arguments. The writer dissented to the opinion but feels, like all other people of Florida, that he is bound by the majority view.
A stenographic report of one of the speeches to the jury in the lower court by counsel of record consumes some 29 pages of the transcript and certified here. The writer fails to appreciate the pertinency of the speech. Its inclusion in the record is not authorized by our rules or any precedent called to our attention. It was not referred to in oral argument or the briefs. This court has the power to dismiss a cause and it may exercise such power when the record is not submitted in conformity with our rules. We fail to find error in the record.
Affirmed.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur.