TERRELL, Acting Chief Justice.
The point for determination in this case is whether or not the holder of a retain-title or conditional sale contract on an automobile is liable in damages to a third party for injuries sustained in the negligent operation of said automobile by the purchaser.
There is no dispute about the facts. No question as to non-joinder or misjoinder of parties is raised. It is shown that the action was brought directly against the holder of the retain-title or conditional sale contract and not against the purchaser and operator of the automobile.
On a motion to1 dismiss complaint the trial court answered the question presented in the negative. The purpose of Section 319.22(2), F.S.A., as follows:
“(2) An owner who has made a bo-na fide sale or transfer of a motor vehicle and has delivered possession thereof to a purchaser shall not by reason of any of the provisions of this law, be deemed the owner of such vehicle so as to be subject to civil liability for the operation of such vehicle thereafter by another when such owner has fulfilled either of the following requirements :
“(a) When such owner has made proper endorsement and delivery of ■the certificate of title as provided by this law.
“(b) When such owner has delivered to the commissioner, or placed in the United States mail, addressed to the commissioner, either certificate of title properly endorsed, or the following notice:
Motor Vehicle Commissioner
Tallahassee, Florida
I have this day sold and delivered to •
- — -, Motor
(Name and Address of New Owner)
Vehicle, Certificate of Title No.-
Make-Type-Model -
Serial No. - Motor No. - Year Made -
Date-- —--
(Former Owner)
(Address of Former Owner)”
to relieve the owne,r of an automobile from civil liability for its operation by another when said act is complied with by issuing and endorsing certificate of title as provided therein to the motor vehicle commissioner. There is no suggestion here that said act was not fully complied with.
Appellants contend that the ruling of this Court in Ragg v. Hurd, Fla., 60 So.2d 673 is more in point and is controlling. We have examined this case and' it seems to have turned on the fact that there was no showing that the automobile involved in the accident had been paid for in cash or that the provisions of Section 319.22 F.S.A. had been complied with. The complaint in question does not negative compliance with either of said conditions, and makes no issue as to such compliance. This being the case, we must- assume that the sale in question was consummated in compliance with the last cited statute, and being so, there was no liability on the part of appellee, the holder of the retain-title contract. Wells v. Eville, Fla., 41 So.2d 147; Livingston v. National Shawmut Bank, Fla., 62 So.2d 13.
The judgment appealed from is accordingly affirmed.
Affirmed.
SEBRING and MATHEWS, JJ., and PARKS, Associate Justice, concur.