SANDLER, Associate Justice.
The appellants here were defendants in the trial Court. Rosa O. Barwick and her husband John L. Barwick, filed their complaint charging McKesson & Robbins, Incorporated, with negligence when the plaintiff, Rosa O. Barwick, was injured at a street intersection in the City of Fort Lauderdale, Florida, the collision occurring' within the intersection lines. Ryder Truck Rental System, Inc. was the owner of the-truck involved. McKesson & Robbins, Incorporated, was the lessee and operator' of the truck, and Irving S. Pickel, an employee of McKesson & Robbins, Incorporated, the driver of the truck involved, was; likewise named as a defendant. This suit was filed December 10, 1954, and on October 20, 1955, the plaintiff voluntarily dismissed Pickel as a party defendant, which was approximately three weeks before the-scheduled trial.
On October 28, 1955, Pickel, then a-member of the armed forces was ordered-for duty in Tokyo, Japan. On November 4, 1955, defense counsel presented to the-Court a motion for continuance of the trial in this cause, alleging they intended to produce Pickel in person at the trial with the permission of the United States Government. The trial of the case was continued’ by the Judge for one week and the case went to trial on the complaint charging negligence, the defendants denying any negligence on the part of McKesson & Robbins, Incorporated, and on the plea of contributory negligence, which plea of contributory negligence was first filed on November 10, 1955, and which trial resulted in a verdict for Rosa O. Barwick for $61,800 and $20,000 for John L. Barwick. Motion for new trial being denied, this appeal followed.
The plaintiff, Rosa O. Barwick, was driving a plymouth sedan east on Los Olas Boulevard, a four-laned highway which was intersected by Southeast 15th Avenue which runs north and south, in the center of which intersection is a suspended traffic control light. There is, as is usual in many cases of this kind, conflicting testimony as to what happened in the intersection so that it became a question for the jury, and this cause was properly submitted to it. The order of the Court *603 denying a motion for continuance was also assigned as error. 31 F.S.A. Rule 2.4 provides that
“if continuance is sought on the ground of nonavailability of a witness, the motion must show when it is believed the witness will be available”.
The motion for continuance was for an indefinite period and there was no showing when the appearance of the witness might be procured, if at all. In addition, the defendant had the benefit of the witness’s testimony, which it is true was taken on discovery, but which was read in evidence. There is no showing why the deposition of the witness could not have been taken prior to his induction into the military service, or before he left for Japan. Likewise, the defendant had the benefit of one Cyrus Emerick, an attendant at a filling station on the corner, who was an eye witness to the accident and a disinterested party. The rights and interest of the plaintiff are not to be overlooked in a situation of this kind. There was no abuse of discretion on the part of the trial Court in denying the motion. Due consideration has been given to the remarks of plaintiff’s counsel complained of, made in the course of argument to the jury relative to the time when the plea of contributory negligence was filed. We find nothing in these remarks to warrant granting of a new trial.
This brings us to the remaining question, the amount of the verdict which it is claimed is excessive.
“The rule is that ‘the burden is with him who assails the amount of the verdict to show that it is wholly unsupported by the evidence, or that the jury was influenced by passion (or), prejudice’, and that the amount of the award is such as to ‘shock the judicial conscience’. Breeding’s Dania Drug Co. v. Runyon, 147 Fla. 123, 2 So.2d 376, 377; Florida Power & Light Co. v. Brinson, [Fla.] supra (67 So.2d [407] 412). ‘When the verdict rendered is approved by the trial court and has a reasonable relation to the damages proven, it should not be disturbed. * * * We must be shown that it imposes a hardship out of proportion to the injury suffered.’ Margaret Ann Super Markets, Inc., v. Scholl, supra, 159 Fla. 748, 34 So.2d [238] 241.”
The questions of liability and the amounts of the verdicts were fairly submitted to the jury. They saw the parties, heard the evidence, and observed the witnesses. The trial Judge had the same opportunity. In the light of the evidence submitted to the jury as to the injuries suffered by Rosa O. Barwick, we see no reason to disturb the verdicts and judgments. Finding no error, the judgment is
Affirmed.
TERRELL, C. J., and THORNAL and O’CONNELL, JJ., concur.