CARROLL, CHAS., Judge.
Appellant, The L. E. Myers Co., who with Florida Power & Light Company was a defendant below, filed this separate appeal from a judgment against the defendants entered on a jury verdict for the plaintiff in a wrongful death action. Plaintiff’s decedent was killed when the boom of. a crane contacted a high tension wire while he held the crane cable. The Myers Company had installed and energized the line for the power company. The work was finished on Thursday, October 3, 1957, and on that day Myers informed the power company of the completion of the work and that the lines had been energized. The fatal injury occurred four days later, on the morning of Monday, October 7, 1957. Allegations that defective work by the Myers Company proximately caused the injury were not proved, and the negligence charged and relied on was failure of the Myers *896 Company to give notice, to the decedent and to those for and with whom he.was working, that the wires were energized. The usual assumption by workers that all such wires were “hot” was inapplicable, because in this instance the nearby workers appeared to know otherwise, and, for want of electric power, had been using power tools operated by gasoline engines. The cases of Breeding’s Dania Drug Co. v. Runyan, 147 Fla. 123, 2 So.2d 376, and Slavin v. Kay, Fla.1959, 108 So.2d 462, relied on by the appellant, are not in point, because they involved defective work or installation. The question of liability as to the Myers Company turns on whether there was a duty on Myers to give notice of the energized wires to those working in the area, and if so whether that duty continued to the time of the accident on October 7. Nearby construction activity including use of cranes was sufficient to call for the giving of a required notice of the danger which the newly energized wires created. Carter v. Livesay Window Co., Fla.1954, 73 So.2d 411.[1] The duty thus imposed on the contractor was one which continued until the work was completed and accepted by the owners. Slavin v. McCann Plumbing Co., Fla.1954, 73 So.2d 902; Carter v. Livesay Window Co., supra; Slavin v. Kay, Fla. 1959, 108 So.2d 462. Appellant’s contention that the work was accepted by the power company on October 3, 1957, four days before the accident, is without support in the record. Their contract (defendant’s exhibit A) called for acceptance to follow inspection of the work after it was invoiced to the power company. The invoice was made on October 10, three days after the accident. The jury’s determination of liability of the Myers Company was not contrary to the evidence or the applicable principles of law. Other questions raised by appellant, dealing with statements of counsel during the trial, exclusion of certain testimony, and the giving and refusing of certain charges, have been considered and are held to be without merit.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.

. See 65 C.J.S. Negligence § 89. Cf. Conowingo Power Co. v. State of Maryland, 4 Cir., 1941, 120 F.2d 870; Cole v. American Bridge Co., 7 Cir., 1945, 152 F.2d 157; McCormick v. United States, D.C.Minn.1958, 159 F.Supp. 920.