SPECTOR, Judge.
Appellant seeks reversal of a judgment entered pursuant to a jury verdict in a per *350 sonal injury action arising from an automobile accident. No issues are raised relating to negligence aspects of the case at bar.
The sole question raised is whether the appellant, an automobile dealer, still owned the vehicle which caused the accident when it occurred. Appellant had negotiated for the sale of the vehicle with the parents of the negligent driver. From the evidence adduced at the trial, it appears that both seller and buyer were in agreement as to the terms of the sale. The only thing that remained to be done was approval of the financing by a specified credit union.
The evidence is quite clear that the buyers conditioned their agreement to purchase the vehicle upon the approval and willingness by the credit union where the husband worked to finance the purchase for them. The buyers had delivered to appellant their check for the anticipated balance after application of the proceeds of the financing to the remainder of the selling price less credit for their old vehicle taken in on trade as part of the down payment. However, at the time said check was delivered the buyers cautioned the appellant not to cash it until it had been determined that the credit union would finance the deal.
Appellant gave the buyers possession of the vehicle at the time the above referenced check was delivered to it but before the financing had been approved. It is on the basis of this delivery over of possession that appellant contends that they had parted with equitable ownership of the vehicle. Appellant argues that its position is further shored by the fact that all of the terms of the deal had been reduced to writing, though not yet signed by the buyer; that the buyers had signed the forms necessary to transfer title to the new vehicle from the seller to buyers as well as the transfer of their trade-in vehicle to the seller; that the buyers had signed forms for the procurement of tags on the new car (parenthetically, the forms relating to titles and tags were signed in blank, but this is here immaterial since this seems to be the customary practice). The above factors were properly put before the jury to be weighed by it in determining whether the seller and buyer had already consummated a bargain or whether these acts were merely preparatory to such consummation if and when the financing was approved. Obviously, the jury thought those acts were performed preparatory to the bargain and were done to expedite matters when and if the financing was approved. That the jury could have had such a view of the intent of the parties is apparent when we consider the positive testimony that the partial payment check not be cashed pending approval of financing by the credit union, as well as the specificity with which the buyers wanted the deal financed through their own credit union. Consistent with the verdict is the further evidence that when the buyers left their check and saw the car after it had been serviced by appellant they started to depart from the appellant’s premises in their own car that was to be traded in because the financing had not yet been approved. However, the salesman suggested that they leave the old car and take the new one. It was in that manner and in those circumstances that the buyers had possession of the car.
We think the facts which could have been found on the evidence of this case come within the holding of the decision in Ragg v. Hurd, 60 So.2d 673 (Fla.1952), wherein complete agreement had been reached as to all of the terms of an automobile sale between the prospective purchaser and the seller and possession of the car had been given to the prospective purchaser, but the money had not yet been paid.
Affirmed.
JOHNSON, C. J., and WIGGINTON, J., concur.