## SMITH v. CHAPMAN, et al.

Case No. 82-1918-SP

County Court, Bay County

September 23, 1983

### APPEARANCES OF COUNSEL

**Stan Trappe** for plaintiff.

**Bill R. Hutto** for defendants.

### OPINION OF THE COURT

WILLIAM A. COOPER, JR. County Judge.

THIS CAUSE came on to be heard for final hearing, and the court having considered the testimony of parties and witnesses and argument

of counsel, and the court further noting the absence of the third-party defendant, who was duly notified of his right to appear and present evidence on the question of damages only, makes the following factual findings:

1. In May of 1982, the plaintiff was asked by the defendant, John C. Chapman, to install a video game known as "Asteroid Deluxe." The plaintiff thereupon inspected the premises and informed the defendant that the machine could be installed but that the electric outlet would have to be replaced with a three-pronged outlet containing a static ground.

2. The defendant then called the third-party defendant and asked him to perform this service, which the third-party defendant agreed to do.

The third-party defendant replaced the two-pronged outlet with a three-pronged outlet, but in performing the task negligently joined together two hot wires with one ground, thereby changing the outlet from a 110 to a 220, although from outward appearances it seemed to be a 110 outlet with ground.

3. Defendant then summoned the plaintiff who brought the machine and, since the new outlet appeared to be the correct one, plugged in his machine without first testing it to see if it was properly grounded and if the voltage was correct. Upon plugging the machine in, it promptly shorted out, damaging the entire mechanism.

4. After this occurrence, plaintiff then checked the outlet with a meter that he happened to have brought along with him, and discovered the problem.

5. The plaintiff purchased the machine originally for a price of $2,300.00, and it was about five months old. Plaintiff stated that in his opinion the machine was worth between $1,900.00 and $2,000.00, although he had obtained an estimate from the machine manufacturer valuing the machine at $1,500.00 at the time of its destruction.

6. Defendant testified that he hired the third-party defendant to replace the outlet and told him only what result was desired and did not give him any instructions on how to perform the task, since the defendant had no expertise in electrical repairs.

Based upon the foregoing findings of fact, the court concludes that the defendants are not liable to the plaintiff in this cause, because the negligence was solely that of the third-party defendant, who performed the actual minor electrical repair. Plaintiff has referred the court to the case of *Slavin v. Kay,* 108 So.2d 462 (Fla. 1958), for the proposition

192

that all parties dealing with inherently dangerous elements are held jointly liable, including the contractor and the owner of the premises, even after the contractor has completed the work and turned the project over to the owner and it has been accepted by the owner. However, the case makes it clear that this principle is not applicable in the case of latent defects not discoverable and not in fact discovered. In the instant case, the electrical contractor's negligent wiring was not obvious, and to all outward appearances the work was done correctly. The defect was only discoverable by testing the outlet or using it. This court does not read the law of Florida to require the owner of the premises to personally check the outlet with a voltage meter to see if it's putting out the correct voltage.

Since the third-party defendant's negligence produced a latent defect, the defendants would be liable only if they breached a duty to have the work inspected. *Breeding's Dania Drug Company v. Runyon*, 147 Fla. 123, 2 So.2d 376 (1941). However, the court is aware of no ordinance that requires that minor electrical repairs of this nature be inspected.

The court having determined that the defendants are not liable on the primary complaint, it therefore follows that the third-party defendant is also not liable on the third-party plaintiff's complaint sounding in indemnity.

The foregoing premises considered, it is therefore

ORDERED and ADJUDGED that judgment be entered in favor of the defendants on plaintiff's claim and in favor of the third-party defendant on the defendants'/third-party plaintiffs' complaint.