HARRIS, Judge.
The issue at trial was whether Ferran Engineering Group, Inc. was the beneficial *1308 owner of the vehicle being driven by Collins at the time of the collision in which Gordon Reid was injured. On the evidence submitted to the jury, the jury could have found either that Ferran, the owner of record, was the beneficiar owner because the sale was not completed, or that Collins, Ferran’s employee, was the beneficial owner because the sale of the vehicle to Collins had been completed even though the title had not yet transferred under section 319.-22, Florida Statutes (1989) prior to the collision.
The jury found in favor of Ferran; the trial judge, reversing his earlier rulings on certain matters, granted a new trial. We reverse.
The court granted a new trial because it determined that its previous instruction to the jury was in error: ■
Now, the issue for your determination on the claim of Gordon and Martha Reid against Ferran Engineering Group is whether or not Ferran Engineering Group was the beneficial owner of the 1980 Dodge automobile being operated by Kenneth Collins on July 3, 1989 when he was involved in an accident with Gordon Reid. There are several factors you should take into consideration in making this determination of beneficial ownership. These factors are, first of all, the intent of the parties involved in the transaction; secondly, which party had possession of the automobile; third, which party had the control and authority over the use of the motor vehicle; and fourth, whether or not any payments towards the purchase of the vehicle had been made or whether or not a satisfactory deferred payment agreement had been reached between the parties. The name shown on the certificate of title is not conclusive proof of beneficial ownership, but is one factor you should all consider. (Emphasis supplied).
The judge’s reason for reversing his previous decision that the instruction was proper was “the court erroneously instructed the jury that they should consider the issue as to whether or not a satisfactory deferred payment agreement had been reached between the parties in determining the beneficial ownership of the automobile.”
We find the court’s original determination that the instruction was proper to be correct. A present sale can be based on a deferred payment[1] and the jury was entitled to be instructed on that point.
The court also granted a new trial because, at trial, it had refused to give an instruction under section 319.22, Florida Statutes (1989).
We find again that the court’s earlier ruling on the proposed instruction was correct. The provisions of section 319.22 constitute a shield not a sword. As the court stated in Palmer v. R.S. Evans, Jacksonville, Inc., 81 So.2d 635 (Fla.1955):
“It is contended here that the disposition of the issue of ownership below was error, mainly because of the trial court’s refusal to charge that if the jury found F.S. § 319.22 F.S.A. (pertaining to endorsement and delivery of title certificate) had not been complied with by Evans it must find that the car was owned by Evans when the accident occurred.
It is evident from a reading of Section 319.22 in its entirety that the primary emphasis intended by this section is upon the marketability of title to a vehicle. Appellant contends, however, that one who has not complied with the provisions of this section has not succeeded in divesting himself of ownership of the vehicle, with the result that tort liability growing out of such interest may successfully be asserted against him....
The provisions of this section have been construed in Ragg v. Hurd, Fla., 60 So.2d 673 [(1952)], Rutherford v. Allen Parker Co., Fla., 67 So.2d 763 [(1953)], and Platt v. Dreka, Fla., 79 So.2d 670 *1309 [ (1955) ], opinion filed April 6, 1955. In the Ragg and Platt cases, supra, this court was careful to point out that Chapter 319, Florida Statutes, did not provide an exclusive method of transferring title nor abrogate the common law of sales.... While it is clear that under this section no civil liability can accrue to a seller who has complied with the title certificate requirements, it does not necessarily follow that a seller who does not comply with these requirements is ipso facto liable. This is true because the common law of sales is available to test the liability of a non-complying seller.” At 81 So.2d p. 636. [Emphasis supplied.]
REVERSED and REMANDED for entry of judgment in conformance with the jury verdict.
GOSHORN, C.J., and DIAMANTIS, J., concur.

. See Escobar v. Bill Currie Ford, Inc., 247 So.2d 311 (Fla.1971).