09-2102-cv
United States v. One 2004 Land Rover Range Rover

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of March, two thousand ten.

PRESENT: DENNIS JACOBS,
                        **Chief Judge**,
            GUIDO CALABRESI,
                        **Senior Circuit Judge**,
            CHRISTOPHER F. DRONEY,[*]
                        **District Judge**.

- - - - - - - - - - - - - - - - - - - -X
United States of America,
        **Plaintiff-Appellee**,

        -v.-                                          09-2102-cv

One 2004 Land Rover Range Rover,
        **Defendant**,

Sanfer Sports Cars, Inc.,
        **Claimant-Appellant**.
- - - - - - - - - - - - - - - - - - - -X

---

[*] Christopher F. Droney, Judge of the United States District Court for the District of Connecticut, sitting by designation.

**FOR APPELLANT:**          RICHARD J. DIAZ, Coral Gables, FL.

**FOR APPELLEE:**          MONICA J. RICHARDS, Assistant United
                          States Attorney, of counsel, <u>for</u>
                          Kathleen M. Mehltretter, United
                          States Attorney, Western District of
                          New York, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Skretny, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED.**

Sanfer Sports Cars, Inc. ("Sanfer") appeals from a March 31, 2009 order of the United States District Court for the Western District of New York (Skretny, <u>J.</u>), striking its civil-forfeiture claim for lack of standing pursuant to Rule G(8)(c)(i)(B) of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). We assume familiarity with the underlying facts, the case's procedural history, and the issues presented for review.

Sanfer argues that it had standing[1] as actual owner of the defendant vehicle.[2] However, under Florida law, which

---

[1] The result is the same whether the issue is characterized as one of constitutional (i.e., Article III) standing or one of "statutory standing" (i.e., according to the parties, Sanfer's status as owner for purposes of 18 U.S.C. § 983(d)). We express no opinion on the nature of the "standing" inquiry that should be undertaken when considering a motion to strike under Supplemental Rule G, let alone whether either of the aforementioned "standing" inquiries (constitutional or "statutory") is the appropriate one.

[2] Both parties assume that any property interest Sanfer had was divested at the moment of seizure by operation of 21 U.S.C. § 881(h), and that any act thereafter was ineffective. Neither party having disputed this assumption, we do not examine its validity. <u>But cf.</u> <u>United States v. Parcel of Land, Bldgs., Appurtenances & Improvements, Known as 92 Buena Vista Ave., Rumson, N.J.</u>, 507 U.S. 111, 128-29 (1993) (plurality opinion) (holding that relation-back provision of § 881(h) does not operate until entry of a

governs, Sanfer's ownership ceased at the moment Sanfer delivered the defendant vehicle.  <u>See</u> Fla. Stat. § 672.401(2); <u>Palm Beach Auto Brokers, Inc. v. DeCarlo</u>, 620 So. 2d 250, 252 (Fla. Dist. Ct. App. 1993).  Sanfer's failure to register the title transfer did not prevent the title's passage.  <u>In re Mullennix</u>, No. 05-BK-28199-JKO, 2006 WL 1548643, at *4 (Bankr. S.D. Fla. Apr. 27, 2006) (applying Florida law); <u>Motor Credit Corp. v. Woolverton</u>, 99 So. 2d 286, 290 (Fla. 1957).  Nor is <u>Ragg v. Hurd</u>, 60 So. 2d 673 (Fla. 1952) (cited by Sanfer) to the contrary; here, the parties to the sale did not condition the passing of title on the payment of the balance of the purchase price.  <u>Cf.</u> <u>id.</u> at 674 (holding that, where "the entire course of conduct of the appellants discloses an <u>intention not to part</u> <u>with the title to the car until the cash payment had</u> <u>actually been received</u> by them," (emphasis added) that intention is enforceable).

Sanfer argued in the district court that its interest as lienholder was sufficient to confer standing.  Sanfer, however, has not presented that argument on appeal.  It is therefore forfeited.  <u>See, e.g.</u>, <u>Tolbert v. Queens Coll.</u>, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)); <u>Norton</u> <u>v. Sam's Club</u>, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Finding no merit in Sanfer's remaining arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

forfeiture judgment; therefore, "[b]ecause the success of [forfeiture defenses] will necessarily determine whether § 881(h) applies, [the innocent owner defense] must allow an assertion of the defense <u>before</u> § 881(h) applies"); <u>Counihan</u> <u>v. Allstate Ins. Co.</u>, 25 F.3d 109, 112 (2d Cir. 1994) ("It is manifest that [§ 881(h)] cannot serve to transfer ownership of the property until there is a final judgment of forfeiture.").