SECURITY LAND & INVESTMENT CO. v. RANGER REALTY CO.

156 So. 23.

Opinion Filed June 25, 1934.
Petition for Rehearing Denied July 25, 1934.

*Stewart & Stewart* and *Tom B. Stewart,* for Appellants; *Scarlett & Futch, Hall & English, M. Lewis Hall* and *J. A. Scarlett,* for Appellee.

PER CURIAM.—This is an appeal from a final decree foreclosing certain tax certificates. The complainant's amended bill alleged that it was the owner and holder of tax certificates of the City of DeLand, Florida, issued for the years 1926, 1927, 1928, 1929 and 1930. It alleged that complainant also held State and county tax certificates for the years 1929 and 1930. It appeared that the 1927 taxes had been re-assessed in 1930, and that the tax certificates based upon 1926 and 1928 taxes were each two years of age when the suit was instituted. All the certificates except those for non-payment of taxes for 1930 were two years of age when the final decree was entered on August 24, 1932. The bill was in the form authorized by Chapter 14572, Acts of 1929, and attached to it was a certificate of the clerk of the circuit court to the effect that each and every of the outstanding State, county and City of DeLand certificates subsequent to the year 1926 were in the hands of complainant as assignee, owner and holder thereof on the day the amended bill of complaint was filed.

Where a bill of complaint contains equity for any relief, a general motion to dismiss the same should be overruled.

Therefore, there was no error in the ruling of the court below refusing to dismiss the amended bill of complaint filed in this case.

Nor was any error in allowing the foreclosure in one suit of all the tax certificates held against the same land by the same complainant even though some of the tax certificates were city certificates and were not subject to foreclosure under Chapter 14572, Acts of 1929, had suit been brought on them alone.

In the present case the court acquired jurisdiction under Chapter 14572, *supra,* to foreclose the State and county tax certificates sued on and it was not only permissible but an approved practice for the complainant to include in one bill and in one decree of foreclosure all of the outstanding unpaid tax certificates against the same property in order that full relief might be accomplished and in order that the entire series of unpaid tax certificates of all kinds outstanding against the property might be adjudicated and the land when sold under foreclosure, freed of the lien of such certificates. Allison Realty Co. v. Graves Investment Co., 115 Fla. 48, 155 Sou. Rep. 745 (opinion filed May 25, 1934).

Chapters 15172 and 15174, Acts of 1931, validating the City of DeLand tax certificates sued on as against formal objections are sufficient to preclude a challenge as to the validity of such certificates as to the purely formal objections urged, and if appellant desired affirmative relief against alleged illegal assessments and the like, it should have offered to do equity by paying the just amount of taxes it was necessarily forced to admit could have been assessed on the lands in question. Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 Sou. Rep. 439.

The final decree requires the payment of the City of DeLand tax certificates for the years 1926, 1927, 1928, 1929, and 1930, and not State and county tax certificates for the years 1929 and 1930, together with interest thereon and an attorney's fee for $100.87, for a recovery of $758.75. In addition to this the final decree allows $10.00 for expense of searching the records. The latter item is not shown to be recoverable and should be eliminated from the decree. If authorized searches for outstanding tax certificates are made by the clerk of the circuit court in his official capacity as part of his allowable fees in connection with the tax certificates themselves, recovery may be had therefor upon submission of proper bills prepared by the clerk based upon the fees allowed by law for making searches in such cases, but otherwise no recovery can be had for such searches of the records.

If there are other outstanding State, county or city tax certificates against the property involved in this case, which certificates have not been brought into these proceedings and adjudicated, the only legal effect of their omission from the proceedings is that complainant in this case makes the foreclosure decree subject to the lien of such other certificate which will not be affected by the decree in this case.

The final decree herein is modified by the elimination therefrom of the $10.00 item for search of the records and as modified is hereby affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.