ATLANTA & SAINT ANDREWS BAY RAILWAY COMPANY
v. HENRY PITTMAN.

178 So. 297.
Division A.
Opinion Filed January 14, 1938.

*Arthur G. Powell* (Atlanta, Ga.), *Carter & Price* and *Thomas Sale,* for Plaintiff in Error;

*John H. Carter* and *John H. Carter, Jr.,* for Defendant in Error.

TERRELL, J.—Henry Pittman, the defendant in error, brought a common law action against Atlanta and Saint Andrews Bay Railway Company to recover damages for personal injuries. The declaration was in one count and alleged in substance that the plaintiff was a common laborer in the employment of the defendant, that while so employed, he was riding in a gondola freight car loaded with steel rails and pulled by a locomotive driven by an employee of defendant who so negligently and carelessly operated said train that the car in which plaintiff was riding was given a sudden and unexpected stop and violent jolt, thereby jarring and throwing one of the steel rails on plaintiff's right foot, holding it pinned underneath until said rail could be lifted from his foot by the other workmen, by reason of which plaintiff became permanently disabled and incapacitated in his right, besides having his foot crushed and suffering great pain and agony of body and mind.

A demurrer to the declaration was overruled, pleas were filed and a demurrer thereto was sustained except as to the first and fourth pleas and on the issue made by them the cause went to trial, resulting in a verdict and judgment for $750.00. Motion for new trial was denied and final judgment was entered, to which writ of error was prosecuted to this Court.

It is first contended that the plaintiff should not be allowed to recover because he was a fellow servant "jointly engaged in performing the act causing the injury" with the engineer on the work train and that there was no negligence on the part of the railway company contributing to the injury. Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 So. 552; Parish v. Pensacola & A. R. Co., 28 Fla. 251, 9 So. 696; and Duval v. Hunt, *et al.*, 34 Fla. 85, 15 So. 876, are relied on to support this contention.

Fellow servants are those jointly engaged in performing the act causing the injury. The fellow servant rule as applied under the common law was modified and restricted by Section 7060, Compiled General Laws of 1927, to provide that damages may not be recovered for injuries to an employee caused in part by his own negligence and in part through the negligence of another employee when both are fellow servants and are jointly engaged in performing the act causing the injury and the employer is in no way guilty of negligence contributing to the injury. The cases relied on by Appellant are not all together harmonious on the question of who are fellow servants. In Ingram-Dekle Lumber Co. v. Geiger, *supra,* the majority opinion very much limited the scope of this doctrine.

In Ingram-Dekle Lumber Company v. Geiger, *supra,* we were concerned with a steam railroad owned and operated by a saw mill, but we held that it was not a railroad as contemplated by the hazardous occupation statute, Chapter 6521, Acts of 1913, Section 7050, *et seq.,* Compiled General Laws, 1927. The interpretation of this statute by the Court in the Ingram-Dekle case explains the apparent inharmoniousness of some of the decisions affecting the fellow servant rule, the Court taking the position that the statute had limited the application of the rule and that each case must now stand or fall on its own factual situation.

Under the rule announced in the last cited case, we do not think the plaintiff and the engineer of the defendant were fellow servants. The engineer was engaged in manipulating the engine, while the plaintiff was a common laborer engaged in unloading steel rails with other employees from the gondola car some distance from the engine. Both were different operations and different elements of what is understood as railroading under the hazardous occupation statute.

The second question charges error in sustaining the demurrer to defendant's pleas to the declaration interposing the defense of assumption of risk.

The pleas were grounded on the assumption that the declaration did not sufficiently allege negligence. In our view, the ultimate facts alleged in the declaration are sufficient to show negligence if proven and we think further that they met all the requirements of Section 7060, Revised General Statutes of 1927. On this point, the last cited Act provides that the defense of assumption of risk shall not be available to defendant if the injury was attributable to it.

The concluding question essential to discuss is predicated on the admission in evidence over the objection of defendant of the American Experience Table of Mortality.

The American Experience Table of Mortality is not admissible in evidence unless it be conclusively shown that the plaintiff has sustained permanent injuries. We have examined the evidence on this point and do not think the plaintiff carried the burden imposed on him. The introduction of these tables constituted error for which the cause should ordinarily be reversed, but on account of the size of the verdict and the fact that it is admitted that if the plaintiff is entitled to recover, such recovery should be limited to compensation for loss of time, doctor's bill, nurse's bill, and other like expenses, we think the ends of justice

would be best served by entering a remittitur and closing the litigation.

If the defendant in error will enter a remittitur of $250.00, the judgment will be permitted to stand for the balance of $500.00; otherwise the judgment will be reversed.

Affirmed on condition of remittitur.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.