LUCILLE H. LOTT v. NONNARB PROPERTIES, INC., EUSTIS HOLDING COMPANY, a Corporation, HERBERT E. SANDERSON, HOMER W. WRIGHT and WELBORN C. PHILLIPS, Otherwise Known as W. C. PHILLIPS.

194 So. 211

Division A

Opinion Filed February 20, 1940

Rehearing Denied March 12, 1940

*S. E. Durrance,* for Appellant;

*H. M. Voorhis, Maguire, Voorhis & Wells,* for Appellees.

THOMAS, J.—The appeal is taken from an order of the chancellor granting a motion to dismiss the bill of complaint and amendments, wherein the plaintiff prayed for (1) foreclosure *"de nova"* against property purchased by her at a master's sale held to satisfy a decree entered in a suit for foreclosure of tax certificates, and (2) relief by injunction against the issuance of a tax deed to the property on certificates not affected by the original foreclosure suit.

Allegations of the bill in question presented this situation: Nonnarb Properties, Inc., sued various parties for the purpose of enforcing tax liens and the suit culminated in a final decree and consequent sale of the encumbered property by the master to the appellant Lucille H. Lott. After confirmation of the sale Homer W. Wright filed with the clerk of the circuit court tax certificates assigned to him involving property already sold in the suit to which we have referred, and applied for a tax deed.

Theory of the appellant was that the property should be resold for the purpose of extinguishing the liens of taxes evidenced by the certificates held by Wright and others in like situation who were not parties to the suit which was terminated when sale to her was confirmed, and that Wright should "be restrained * * * from further procedure with reference to the issuance of said tax deed."

It is difficult for us to see by what right she should have such relief. Nonnarb Properties, Inc., Wright and the others all held certificates and each could foreclose. It was optional with Nonnarb Properties, Inc., whether holders of other tax certificates should be made parties to the original suit and when this corporation elected not to follow that course the result was the adjudication only of the tax liens, it held. City of Bradenton v. Lee, 120 Fla. 100, 162 South. Rep. 139.

When the appellant bought the property at the sale conducted by the master she took it subject to the lien of certificates not involved in that litigation. Security Land & Investment Co. v. Ranger · Realty Co., 115 Fla. 640, 156 South. Rep. 23.

Histories of. tax sale certificates are kept by the clerk of the circuit court and these records are purposely available to the public. Appellant could, with little difficulty, have been informed of the status of the title to the property which she contemplated purchasing and for her failure to do so she alone is responsible.

If the bill were to proceed to answer and testimony, we are at a loss to anticipate just what decree could be entered. One of the holders of the outstanding certificates elected to apply for a tax deed and in the circumstances could not be coerced to accept some other means of enforcing or protecting his claim. The appellant has no lien herself but instead such title as was conveyed by a master's deed for which she paid a definite amount to be used to discharge the lien of Nonnarb Properties, Inc.

Our search of the record has disclosed no sound basis for the relief sought to enjoining the issuance of the tax deed, nor have we found reason for reversing the ruling of the chancellor that appellant failed in her bill to allege sufficient facts justifying a decree extinguishing the claims of the defendants.

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.