120 So.2d 656 (1960)
J. Turner BUTLER and William A. Hallowes, As Trustees of the Property of the Florida East Coast Railway Company, a Corporation, Appellants,
v.
Bertha BOROWSKY and Joseph Borowsky, Her Husband, Appellees.
No. 58-769.
District Court of Appeal of Florida. Third District.
May 9, 1960.
Rehearing Denied June 10, 1960.
*657 Scott, McCarthy, Preston, Steel & Gilleland and Robert Beckham, Miami, for appellants.
Von Zamft & Kravitz and Leonard H. Rubin, Miami, for appellees.
HORTON, Chief Judge.
Defendants below have appealed from a final judgment by which the plaintiffs recovered a total sum of $30,000, as damages resulting from personal injuries sustained in a railway accident. Appellees, husband and wife, were passengers on appellants' train when it derailed near Daytona Beach, Florida, on March 16, 1957. By the complaint, they each sought damages for personal injuries sustained as a result of the derailment, and, in addition, the husband sought recovery for loss of consortium and services and for medical expenses, past and future.
The trial court found, as a matter of law, that the appellants were negligent, and a summary judgment on the issue of liability *658 was entered, in which the trial court found:
"[T]hat the defendants' agents, having observed sparks, fire and smoke from the unit causing the derailment, were negligent for the reason that the said employees of the defendants continued to operate the train after they had isolated the No. 2 engine of Diesel Electric Locomotive 1010 and thereby rendered useless the mechanical warning device known as the wheel slip relay indicator, attached to the offending unit. * * *."
The case was tried before a jury solely on the issue of damages. The judgment appealed was entered on the verdict rendered by the jury.
Appellants' basic contentions are that (1) the trial court erred in the entry of summary judgment on the issue of liability; (2) the trial court erred in allowing the jury to consider mortality tables; (3) the verdict was excessive; and (4) the trial court erred in taxing certain costs against the appellants. Other contentions raised by appellants have been duly considered and are found to be without merit.
To sustain their position concerning the first point, appellants have cited Gordon v. Hotel Seville, Fla.App. 1958, 105 So.2d 175, where, on page 178, this court quoted from the opinion in Williams v. City of Lake City, Fla. 1953, 62 So.2d 732, as follows:
"`The right to a jury trial is a very sacred part of our system of jurisprudence and, while we have held that the granting of a summary judgment does not infringe upon such constitutional right, that very holding carries with it the idea that such judgments should be sparingly granted and only in those cases where there remains no genuine issue of any material fact. To put it another way, such motion should be granted only where the moving party is entitled to a judgment as a matter of law. It was never intended by this rule that cases should be tried by affidavit or that affidavits, interrogatories or depositions or similar evidence, could be used as substitutes for a jury trial. To sum it all up, if there are issues of fact and the slightest doubt remains, a summary judgment cannot be granted.'" (Emphasis in original quotation.)
However, in applying that test to the proofs in this case, we conclude that the summary judgment here was correctly entered and the trial judge was eminently correct in concluding that the appellees were entitled to the judgment on the liability issue as a matter of law.
Secondly, the appellants contend that life expectancy tables based on the average lives of a large select group of people are improper for jury consideration in a case where appellee's own evidence affirmatively establishes that she has a physical condition that removes her from "average" classification, and gives her a reduced life expectancy.
Prior to the injury from which this action arose, the appellee wife had been treated for a disease of the lymph glands called lymphosarcoma. The medical testimony in the record reveals that this is a serious disease, usually fatal, and although the patient may live comfortably for as long as fifteen years, the average duration of life is four and one-half years. The appellee wife had not received treatment for this illness since 1955, a period of approximately two years prior to the train accident. Her doctors testified that the illness had been quiescent during that time. The medical testimony further shows that as a result of the train accident, the appellee wife was hospitalized because of thrombophlebitis which developed into a chronic condition. In addition, she suffered an aggravated bursitis condition, and that as a result of these injuries, she was *659 disabled between sixty and seventy per cent.
The mortality table introduced by appellees was a 1941 Commissioner's Standard Ordinary Mortality Table which purported to show that appellee wife had a normal life expectancy in excess of twenty years.
As in the case of City of Tampa v. Johnson, Fla.App. 1959, 114 So.2d 807, 810, the cases cited by the appellants to sustain their position fall within the minority rule. In the City of Tampa case, the court, in applying the majority rule in Florida, said:
"[B]y the weight of precedent, it is recognized that the lack of normal health in a person whose life expectancy is sought to be determined does not preclude the admission of mortality tables into evidence. The rationale of this principle is that the fact of such ill health or disease goes only to the weight of the mortality tables as evidence and not to their admissibility. The probative value of mortality tables may be weakened or even fully destroyed by evidence of disease or ill health of a person whose life expectancy is in issue. Annotation, 116 A.L.R., p. 416; and 20 Am.Jur., Evidence, section 975, pp. 823-824.
"Longevity is not a certain thing. A jury is not bound by mortality tables, but these constitute only one of many factors that may be considered in estimating life expectancy. Each case must depend upon its own particular factual situation. It is from the totality of pertinent factors that the jury should gauge the particular life expectancy in issue.
"Our view is that we should align ourselves with the majority rule, and this is strengthened by the decision of our Supreme Court in the case of Miami Transit Co. v. Scott, Fla. 1952, 58 So.2d 542. * * *
"In Florida the rule is that, when the evidence shows a permanent injury, the admission of mortality tables into evidence is authorized. Atlanta & Saint Andrews Bay Ry. Co. v. Pittman, 1938, 130 Fla. 624, 178 So. 297."
Here, the evidence shows permanent injury which resulted from the train derailment, and the instruction to the jury,[1] concerning the mortality table and the jury's consideration thereof, was proper.
Concerning the appellants' third contention, we conclude that the jury verdict was not excessive. It is the duty of the appellate court to review the evidence and if it finds that a verdict and judgment are, as a matter of law, without evidence to support them, the court has a duty to set them aside or order a remittitur. Renuart Lumber Yard v. Levine, Fla. 1950, 49 So.2d 97. However, the appellate courts of this state have repeatedly held that they will not substitute their judgment for that of the jury unless, upon an inspection of the entire record, in a light most favorable to the party in whose favor the verdict was rendered, it is apparent that the verdict is wholly unsupported by the evidence, or that the jury was influenced by passion or prejudice, and that the amount of the award is such as to "shock the judicial *660 conscience." Breeding's Dania Drug Co. v. Runyon, 147 Fla. 123, 2 So.2d 376; Florida Power & Light Co. v. Brinson, Fla. 1953, 67 So.2d 407; Florida Power & Light Co. v. Robinson, Fla. 1953, 68 So.2d 406; McKesson & Robbins, Incorporated v. Barwick, Fla. 1957, 95 So.2d 601, and cases cited.
Lastly, the appellants contend that the trial court erred in allowing appellees to recover as taxable costs the amounts expended by their counsel for travel by airplane in connection with the litigation and for sheriff's fees regarding a witness whose deposition or testimony was not taken or used by either party. With this contention we agree.
"Costs are an incident of judicial proceedings and may be imposed only where legally due and for expenses actually incurred." 8 Fla.Jur., Costs, § 23. The taxation of costs is particularly within the discretion of the trial judge. Anderson v. Carter, Fla.App. 1958, 100 So.2d 831; Spencer v. Florida-Georgia Tractor Co., Fla.App. 1959, 114 So.2d 466. The sheriff's fee regarding a person whose deposition or testimony was not taken cannot be allowed to stand as recoverable cost. See In re First Bond & Mortgage Company, 5 Cir., 1935, 74 F.2d 930. Cf. Dorner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160; Emigh v. Tinter, Fla.App. 1959, 108 So.2d 913. Further, no statutory or other provision has been cited in support of the allowance of travel expenses of counsel as recoverable costs, nor has there been any showing of agreement, express or implied, to that effect. We, therefore, conclude that this personal expense, under the circumstances of this case, is not recoverable. See Weathersbee v. Dekle, 102 Fla. 1057, 136 So. 708; Kennedy v. Hancock, 108 Fla. 601, 146 So. 667; Security Land & Investment Company v. Ranger Realty Company, 115 Fla. 640, 156 So. 23.
That portion of the judgment awarding costs is reversed, and the case remanded for the entry of an appropriate judgment for costs in accordance with the principles herein stated. In all other respects, the judgment is affirmed.
Affirmed in part, reversed in part and remanded.
CARROLL, CHAS., J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.
NOTES
[1] "The plaintiff wife has introduced in evidence a lift [sic] expectancy table. This table shows the life expectancy of an average person of the plaintiff's age. Obviously, it is impossible to determine when anyone may die, and accordingly impossible to determine how long any given person may live. You are not confined, therefore, to such table in determining how long the plaintiff may live. You may reach your own independent conclusion, and in so doing may use your common sense and your knowledge of human affairs based upon the evidence in this case. In other words, the life expectancy table which has been introduced in evidence is simply some evidence that you may consider along with all of the other evidence and your own personal experience in arriving at the period you feel the plaintiff wife may be expected to live."