274 So.2d 896 (1973)
Joseph D. MORRISON and Cassandra B. Morrison, His Wife, Appellants,
v.
Richard Raymond BOHNE et al., Appellees.
No. 71-798.
District Court of Appeal of Florida, Second District.
February 28, 1973.
Rehearing Denied April 11, 1973.
John T. Allen, Jr., and Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellants.
Carleton L. Weidemeyer, of Wightman, Rowe, Weidemeyer & Federico, Clear-water, *897 and Michael B. Piper, St. Petersburg, for appellees.
HOBSON, Judge.
Appellant Joseph D. Morrison appeals a final judgment and Cassandra B. Morrison appeals an order granting a new trial as to damages only in an action by appellants for personal injuries.
The judgment appealed by Joseph Morrison awarded him damages in the amount of $2,500. He did not file a motion for new trial urging the inadequacy of the verdict, and therefore may not seek appellate review of his favorable judgment; Paul v. Kanter, Fla.App. 1963, 155 So.2d 402; Malec v. Halter, Fla.App. 1968, 216 So.2d 782; and O'Leary v. Watson, Fla.App. 1972, 263 So.2d 643.
Joseph D. Morrison's assignment of error recites:
1. The lower court erred in denying the motion for new trial as to Joseph D. Morrison by Order dated October 6, 1971, and filed in the records of the Clerk of the Circuit Court of Pinellas County on October 7, 1971.
The motion for new trial, referred to in his assignment of error, was filed by appellee Bohne, not appellant. Joseph Morrison vigorously resisted the granting of the motion. Since the order was in his favor, he was therefore not an "aggrieved" party, and his appeal must be dismissed; North Shore Bank v. Town of Surfside, Fla. 1954, 72 So.2d 659; Employers Fire Insurance Company v. Blanchard, Fla.App. 1970, 234 So.2d 381; Diehl Machines, Inc. v. Midland National Insurance Company, Fla. App. 1970, 238 So.2d 137.
Joseph Morrison contends that the ruling of the trial court was inconsistent in that it found error in admitting the mortality tables as to appellant Cassandra Morrison but no error in admission of such evidence as to Joseph Morrison. As pointed out above, the ruling was in favor of Joseph Morrison, and has not been appealed by the aggrieved party, appellee Bohne. Joseph Morrison has no basis for an appeal.
Appellee filed a motion in this court to dismiss Joseph Morrison's appeal, but at that time this court did not have before it the record on appeal, or any affidavits or evidence in support of the motion. F.A.R. 3.9(g), 32 F.S.A.
In her appeal, Cassandra B. Morrison urges that the trial court erred in granting a new trial on the ground that it was harmful error to admit into evidence the mortality tables without expert testimony that the injury suffered by Cassandra Morrison was permanent.
The accident occurred on November 7, 1970. The trial was held on September 13, 1971. Mrs. Morrison testified that she immediately felt pain in her left shoulder and neck at the time of the accident. She was treated at the hospital, x-rayed, and her arm put in a sling. She received physical therapy for six weeks and wore a neck collar for seven months. Another doctor prescribed a "traction unit" in January 1971, but after four visits to the doctor's office she was still having pain. She was then referred to an orthopedic surgeon who treated her until she moved to New York. She testified that she was still under treatment of her New York physician at the time of the trial and that she still had pain in her neck on moving her head. She stated that she had not been able to do any housework or participate in her bowling league since the accident. However, she did continue to work at her employment, doing the deskwork but not cleaning the office. No medical testimony as to her condition was offered, and there was no statement by any witness that the injury was permanent. The jury returned a verdict of $15,000 in Mrs. Morrison's favor.
It is well established that the mortality tables are not admissible in the absence of evidence that the injury sustained *898 was permanent; Atlanta & Saint Andrews Bay R. Co. v. Pittman, 130 Fla. 624, 178 So. 297; Seaboard Air Line Railroad Company v. Ford, Fla. 1956, 92 So.2d 160; Stores v. Hussey, Fla.App. 1958, 100 So.2d 649.
The lower court properly awarded a new trial on the question of damages as to Cassandra Morrison, and the order granting the new trial is therefore affirmed.
Affirmed as to Cassandra B. Morrison.
Appeal of Joseph D. Morrison dismissed.
MANN, C.J., and LILES, J., concur.