PER CURIAM.
Appellants maintain on this appeal that the trial court abused its discretion in taxing costs against them pursuant to the offer of judgment rule, Fla.R.Civ.P. 1.442. They further urge that the amount of the costs awarded was excessive. We disagree and affirm on both points. Appellants’ first argument, that taxation of costs was unjustified because the offers by appellee were made to them jointly rather than individually, has recently been resolved in appellees’ favor by this court’s opinion in Tucker v. Shelby Mutual Insurance Co. of Shelby, Ohio, 343 So.2d 1357 (Fla. 1st DCA 1977).
Appellants also contend, however, that the amount of the costs was excessive because it included the expense of appellees’ counsel’s air fare to an out-of-state deposition. The deposition was initiated by appellants’ counsel after appellants had refused two offers of judgment which exceeded the verdict eventually returned by the jury after trial. We believe that the purpose of Rule 1.442, to encourage settlements and eliminate the costs and delays of trials, would be affronted by reversing the cost award to appellees in these circumstances.. Appellees made two good faith attempts at settlement and appellants chose to reject those attempts. There was no abuse of *822 discretion in requiring appellees to bear the costs of that choice.
The judgment is AFFIRMED.
McCORD, Acting C. J., MILLS and ERVIN, JJ., concur.