386 So.2d 574 (1980)
Dr. Edward SWAN, Appellant/Cross-Appellee,
v.
Avery WISDOM, Appellee/Cross-Appellant.
No. 79-1336/T4-604.
District Court of Appeal of Florida, Fifth District.
July 2, 1980.
Rehearing Denied August 12, 1980.
*575 Ronald L. Harrop of Gurney, Gurney & Handley, P.A., Orlando, for appellant/cross-appellee.
Maurice Wagner of Wagner & Bertone, Holly Hill, for appellee/cross-appellant.
COBB, Judge.
This is a medical malpractice action. Avery Wisdom was a twenty-nine-year-old man when he dislocated his right clavicle while playing football. He was treated by Dr. Swan, who repositioned Wisdom's arm and stabilized it with a pin. The pin migrated and punctured the right lung. This caused blood and air to accumulate in the cavity between the lung and chest wall. Further surgery was required to drain the cavity.
At trial, the defense presented evidence that the pin fractured out of the bone while Wisdom was working on his truck without an arm immobilizer on his right arm, contrary to Dr. Swan's instructions. The jury found Wisdom to be 90% negligent and Dr. Swan to be 10% negligent.
The standard jury instructions on personal injury damages found in Florida Standard Jury Instruction 6.2 were given. In accordance with Section 768.48, Florida Statutes (1977), the jury verdict form divided the possible damages to be awarded into: (1) past medicals, (2) future medicals, (3) lost income, (4) lost earning capacity, (5) past pain and suffering, and (6) future pain *576 and suffering.[1] Dr. Swan did not object to any of the jury instructions on damages or to any of the damages listed on the verdict form that went to the jury. He did object to the mortality tables, which went into evidence over his objection.
The jury's awards of damages totaled $250,000.00. Dr. Swan moved for a new trial and for a remittitur. The trial court denied the motions and entered a judgment against Dr. Swan for $25,000.00 (10% of the total verdict) plus costs. Dr. Swan appeals the denial of his motions for new trial and remittitur. Wisdom moved to interview the jurors on the allegation that the jury got the liability percentages reversed. The trial court denied that motion. Wisdom cross-appeals. The cross-appeal is without merit and we affirm the denial of the motion to interview the jurors.
Mortality tables are not admissible in evidence in the absence of evidence of permanent injury. Seaboard Air Line R.R. Co. v. Ford, 92 So.2d 160 (Fla. 1957); Atlanta & St. Andrews Bay Ry. Co. v. Pittman, 130 Fla. 624, 178 So. 297 (1938). We have examined the evidence on future damages and although it may have sustained an award for a continuing injury, we do not think the plaintiff carried the burden in showing permanency. Since there is no way to ascertain the extent to which the future damages awards may have been increased by the jury's consideration of the plaintiff's life expectancy, a new trial on damages rather than a remittitur is indicated. See Seaboard Air Line R.R. Co. v. Ford, supra. However, we do not think that a new trial should be limited only to damages. The pleadings and evidence raise issues so interrelating liability and damages that we think justice would best be served by a new trial on both liability and damages. See Remsberg v. Mosley, 58 So.2d 432 (Fla. 1952); 1661 Corp. v. Snyder, 267 So.2d 362 (Fla. 1st DCA 1972).
The denial of the motion for new trial is reversed and this cause is remanded to the trial court for a new trial on all issues.
REVERSED.
FRANK D. UPCHURCH, Jr., J., concurs.
SCHWARTZ, ALAN R., Associate Judge, dissents without opinion.
NOTES
[1] The validity of this statute has not been challenged on this appeal by either plaintiff or defendant. But see, Article I, Section 2 and Article V, Section 2(a), Florida Constitution.