410 So.2d 607 (1982)
Todd LONG, a Minor, by and through His Mother and Next Friend, Lona T. Long, Individually, and As Administratrix of the Estate of George E. Long, Deceased, Appellants,
v.
Mrs. Barbara M. MARTIN, As Guardian of Reid Martin, and As Personal Representative of the Estate of Floyd H. Martin, Deceased, and Cessna Aircraft Company, a Foreign Corporation, et al., Appellees.
No. 81-697.
District Court of Appeal of Florida, Fifth District.
March 3, 1982.
*608 David Hertzig of Hoffman & Hertzig, P.A., Coral Gables, for appellants.
Ralph P. Richard of Thornton, David & Murray, Miami, for appellee Cessna.
No appearance for appellee Martin.
ORFINGER, Judge.
This appeal questions a cost judgment entered against appellant. We reverse.
As a result of the crash of a Cessna aircraft, the minor appellant, Todd Long, was injured and his father, George Long, was killed. Suit was instituted by Lona Long, individually, and as mother and next friend of the minor plaintiff and as personal representative of the estate of her deceased husband. During the course of the proceedings, a notice of voluntary dismissal, pursuant to Florida Rule of Civil Procedure 1.420(a), was filed on behalf of Todd Long. The action continued on behalf of the other plaintiffs.
Following the dismissal, Cessna moved to assess costs against the dismissed plaintiff. The motion listed various deposition expenses totalling $146.99, and then a series of travel expenses for attending various depositions and court hearings, totalling $2,045.34.
A cost judgment was entered in favor of Cessna for $1,285.76 and Todd Long appeals, raising two issues: (1) that the cost award was premature because the action still continues; and (2) that the court erred in awarding travel expenses for attending depositions or hearings.
Florida Rule of Civil Procedure 1.420(d) provides that
"costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action."
The rule makes no distinction between dismissals by a single plaintiff and by one of several plaintiffs and we see no reason to create such a distinction. The interpretation sought by appellant would give an advantage to one of several plaintiffs not available to a single plaintiff, and not warranted by the rule in question.
We do find merit, however, in appellant's second point. The case is here on a stipulated record which does not include a transcript of the cost hearing, which apparently was not recorded. Neither does the order awarding costs itemize the costs awarded, which makes appellate review more difficult. Thus, we would be constrained to affirm the order were it not clear that it necessarily includes costs not properly taxable.
Of the costs requested by appellee in its motion, only $146.99 represents the cost of depositions, which are ordinarily proper assessable costs. The remainder of the motion itemizes travel costs of the attorneys to attend depositions and court hearings. The award of $1,285.76 thus unmistakably includes at least some travel costs.
In general, air fare or other personal or travel expenses of counsel to attend depositions are not taxable costs. Sunshine Kitchens, Inc. v. Mallin, 388 So.2d 1260 (Fla.3d DCA 1980), review denied, 399 So.2d 1146 (Fla. 1981); Professional Computer Management, Inc. v. Tampa Wholesale Liquor Co., 374 So.2d 626 (Fla.2d DCA *609 1979); Aetna Life Ins. Co. v. Sievert, 361 So.2d 747 (Fla. 1st DCA 1978). Counsel's travel expenses in general are not taxable. Butler v. Borowsky, 120 So.2d 656 (Fla.3d DCA 1960). Appellee points to White v. Cowles Florida Broadcasting, 361 So.2d 821 (Fla. 1st DCA 1978), as a holding that travel expenses are properly taxable, but this case dealt with Rule 1.442, the "offer of judgment" rule, not 1.420(d), and is thus distinguishable. In White, defendants had twice made offer of judgment, and the verdict ultimately recovered was less than both offers. Further, the deposition in question was initiated by plaintiff, after the offers had been made and rejected. No such situation confronts us here.
The cost judgment is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.