BOOTH, Judge.
This cause is before us on a petition for writ of common law certiorari to review an order of the Circuit Court for Leon County, acting in its appellate capacity. Petitioners request that we quash the decision of the Circuit Court upholding a final judgment from the County Court for Leon County in a suit for damages arising from an automobile accident.
On October 13, 1978, an automobile owned by William E. Atwater and insured by United Services Automobile Association, petitioners, was involved in an automobile accident in which a truck owned by Gulf Maintenance and Supply, Inc., respondent, was damaged. Respondent’s suit for dam *136 ages arising from the accident was tried without a jury on April 28, 1981.
Prior to hearing testimony, the trial judge ruled that evidence would be limited to the fair market value of respondent’s truck immediately prior to the accident. The court’s ruling was based upon the first paragraph of a letter dated July 2, 1980, from petitioners’ attorney to respondent’s attorney, which is as follows:
Dear Mr. Richardson:
I am in receipt of your answers to my interrogatories. Based upon your client’s responses, it appears that our only disputed issue involves the fair market value of the truck immediately prior to the accident. Certainly this subjective determination by our respective witnesses should allow some room for negotiation.
Following the accident, we secured three evaluations. They were: $1,199, $1,150, $1,250 respectively. Obviously, our offer of settlement is based upon the appraisals, less your client’s deductible.
Prior to my taking the deposition of your expert witness, I would like to once again attempt to settle this case. Now that we have limited the area of dispute, hopefully we can make some progress.
I have scheduled the deposition of Guy Revell for August 6, 1980, at 10 a.m. I look forward to hearing from you prior to that date.
Very truly yours,
Fred M. Johnson
The trial court held that the first paragraph of the letter was an admission of fact which was binding on the petitioners. In addition, the court ruled that all matters evidenced by any documents or other information in the possession of petitioner’s attorney prior to the date of the letter were deemed admitted. In conformity with that ruling; the court limited the evidence to testimony respecting the fair market value of the truck prior to the accident, stating into the record:[1]
THE COURT: Then right or wrong — and it won’t be the first time I have been wrong, if I am — I’m going to rule that the letter from Mr. Johnson to Mr. Richardson inasfar as the first paragraph states that the only disputed issue involved is the fair market value of the truck immediately prior to the accident that I will restrict the testimony before this Court to that matter and will permit the introduction of the bills and [sic] Mr. Johnson’s possession as of July 2nd, 1980, to stand true as presented.
MR. FARRELL: Your Honor, for the record, I would like to object to the Court [sic] and Mr. Richardson [sic] using that letter for that purpose. I think it is clearly with respect to settlement negotiations, and I don’t think that is admissible. I would object on those grounds. Thank you, Your Honor.
Contrary to the trial court’s ruling, the first paragraph of the letter between counsel is part-and-pareel of the settlement negotiations between the parties and cannot be severed for the purpose of admissibility. Under Florida law, settlement offers made while a controversy is pending are inadmissible. Section 90.408, Florida Statutes; Mutual Benefit Health & Accident Association v. Bunting, 133 Fla. 646, 183 So. 321 (1938); Hill v. City of Daytona Beach, 288 So.2d 306 (Fla. 1st DCA 1974); Allstate Insurance Company v. Winnemore, 413 F.2d 858 (5th Cir.1969) (applying Florida law). The County Court’s ruling, admitting into evidence a letter involving settlement negotiations, was erroneous; the Circuit Court’s affirmance of that ruling was a departure from the essential requirements of law.
Accordingly, the petition is granted, the decision of the Circuit Court is quashed, and this cause is remanded with instructions to remand to the County Court for proceedings consistent herewith.
ROBERT P. SMITH, Jr., C.J., and McCORD, J., concur.

. Transcript of Proceedings, p. 22.