PER CURIAM.
This cause is before us on appeal from a partial summary judgment in favor of the plaintiff/appellee Mary Joan Murphy with regard to Count I of defendants/appellants’ counterclaim. The counterclaim in Count I sought to require Murphy to remove a split-rail fence which she erected on her proper *806 ty, allegedly in violation of certain restrictive covenants.[1] We reverse.
Appellants assert that the trial court erred in entering the partial summary judgment, which was based in part on appellee’s affidavit filed after entry of the summary judgment, and in part on letters written by Stanley Gelman, an attorney as well as a party during prelitigation settlement negotiations. We reverse the order of summary judgment since appellee has not satisfied her burden of showing by clear and convincing evidence that there are no disputed issues of material fact and that she is entitled to judgment as a matter of law. The affidavit of appellant Aaron Grubbs demonstrates that, at the time summary judgment was sought, there existed a genuine issue as to whether Grubbs gave Murphy permission to erect the fence in question, thereby waiving the requirements of the restrictive covenants.
Having reversed the partial summary judgment on this basis, we need not address the issues raised by appellants. We decline to rule on the admissibility of the two letters written by Gelman, leaving that determination to the discretion of the trial judge after he has had an opportunity to weigh all of the evidence presented to him.[2]
The cause is reversed and remanded for further proceedings.
BOOTH, LARRY G. SMITH and ZEH-MER, JJ., concur.

. This court has jurisdiction to review the non-final order under Rule 9.130(a)(3)(B), Fla.R. App.P.

. See, Atwater v. Gulf Maintenance Supply, Inc., 424 So.2d 135 (Fla. 1st DCA 1982), and cases cited therein.