463 So.2d 1260 (1984)
BENOIT, INC., a Minnesota Corporation, Appellant/Cross-Appellee,
v.
DISTRICT BOARD OF TRUSTEES OF ST. JOHNS RIVER COMMUNITY COLLEGE OF FLORIDA and Giffen Roofing Company of Jacksonville, a Florida Corporation, Appellees/Cross-Appellants.
No. 83-860.
District Court of Appeal of Florida, Fifth District.
August 30, 1984.
On Rehearing February 14, 1985.
Jon D. White of Jones & Langdon, P.A., Gainesville, for appellant/cross-appellee.
Joe C. Miller, II of Miller, Shine & Traynor, P.A., Palatka, and Richard J. Geisert, Jacksonville, for appellees/cross-appellants.
SHARP, Judge.
We reverse a judgment imposing liability on Benoit, Inc. (Benoit), for a defective roof on a building owned by St. Johns River Community College of Florida (St. Johns). The roof was constructed in 1977 pursuant to the Benoit System. At the jury trial, St. Johns proved that Benoit failed to warn users of its system not to combine its moisture barrier materials with asbestos because the asbestos would crack, thereby causing the roof to leak.
*1261 Critical in this case was whether Benoit knew of the asbestos problem in 1977, or whether it should have known about it and, therefore, whether it had a duty to warn users of the Benoit system not to combine it with asbestos felts. As part of its case in chief, St. Johns placed in evidence a letter it received from Benoit dated February 25, 1982, which stated:
This letter is to confirm my phone conversation of this date with you... . I pointed out the fact that my company does not recommend the use of asbestos felts on our tapered foam system and have published a statement to that effect. I am enclosing our Application Instructions Dated 1976, wherein we state that asbestos felts are not acceptable over our system and that organic felt or fiber-glass membrane should be used.
Benoit attempted to show that the date 1976 was erroneous, and that it should have said 1979. Clearly, the letter was exceedingly damaging to Benoit's case.
Reluctant as we are to overturn a jury verdict, we are compelled to do so in this case because the February 25, 1982, letter should not have been admitted in evidence. It was an offer to settle or compromise St. John's claim against Benoit. The trial judge simply blocked out that part of the letter pertaining to the settlement offer and admitted the remainder. That is improper under the Florida Rules of Evidence. Section 90.408, Florida Statutes (1983), provides:
Evidence of an offer to compromise a claim which was disputed as to validity or amount as well as any relevant conduct or statements made in negotiations, concerning a compromise, is inadmissible to prove liability or absence of liability for the claim or its value. (Emphasis supplied).
We agree with Atwater v. Gulf Maintenance & Supply, 424 So.2d 135 (Fla. 1st DCA 1982), that any part of a letter offering a settlement between the parties is barred by section 90.408. The old common law rule was that statements of independent facts made in an offer to compromise were admissible. Mutual Benefit Health and Accident Association v. Bunting, 133 Fla. 646, 183 So. 321, 326 (1938); McCormick on Evidence § 274 (Cleary 2d ed. 1972); Annot., 15 A.L.R.3d 13 (1967). This section alters the common law rule[1] by giving greater protection to the offeror, thus furthering the public policy of this state which favors amicable settlement of disputes and avoidance of litigation.[2]
Accordingly, we reverse the judgment in favor of appellees, and remand for a new trial.
REVERSED and REMANDED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.

ON MOTION FOR REHEARING
SHARP, Judge.
We grant appellee's motion for rehearing in order to clarify our previous opinion. We continue to adhere to our previous opinion in which we held that the trial court erred in its admission of certain evidence proffered by appellee.
We emphasize, however, that we reverse for a new trial on both liability and damages despite the fact that the issue of admissibility of evidence goes solely to the question of liability because "the pleadings *1262 and evidence raise issues so interrelating liability and damages that we think justice would thus be served by a new trial on both liability and damages." Swan v. Wisdom, 386 So.2d 574, 576 (Fla. 5th DCA 1980).
MOTION FOR REHEARING GRANTED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] 1 Gard Florida Evidence § 4.24 at 191 (1980).
[2] See the law revision council note following section 90.408:

Florida purports to follow the common-law rule that the exclusion does not apply to admission of fact. Mutual Benefit Health & Acc. Ass'n v. Bunting, supra: McCormick, Evidence § 274 (2nd ed. 1972). No Florida cases were found, however, where the use of such evidence had been appealed and ruled on.
An inevitable effect of this exception permitting admissions of fact to be used as evidence is to inhibit freedom of communication with respect to compromise, and to serve as a trap for the unwary. These considerations account for the expansion of the rule to include evidence of conduct or statements made in compromise negotiations.