PALMER, J.
 

 Black Diamond Properties, Inc. (Black Diamond) appeals the final order entered by the trial court denying its motion seeking prevailing party attorney’s fees and costs against William Bristol, a plaintiff below who voluntarily dismissed his claims against Black Diamond. Determining that Black Diamond is entitled to recover certain attorney’s fees and costs as a prevailing party, we reverse.
 

 A group of plaintiffs, including William Bristol, filed a complaint against Black Diamond asserting three claims: (1) misleading advertising under section 817.41 of the Florida Statutes, (2) deceptive and unfair trade practices under sections 501.201 through 501.204 of the Florida Statutes, and (3) conversion.
 

 Bristol subsequently voluntarily dismissed all of his claims against Black Diamond pursuant to rule 1.420(a)(1) of the Florida Rules of Civil Procedure. Black Diamond responded by filing a motion for prevailing party attorney’s fees and costs. After conducting a hearing on the motion, the trial court denied Black Diamond’s request for
 
 attorney’s
 
 fees and costs, holding:
 

 This Court agrees with the Plaintiff that the Defendants are not entitled to prevailing party fees and costs merely because the Plaintiff voluntarily dismissed his claim. Section 501.2105(1) requires a final judgment and exhaustion of appeals. The case law cited by the Defendants is distinguished on the facts. Furthermore, under the circumstances the Defendants have not prevailed under the “significant issues” test.
 
 Moritz v. Hoyt Enterprises, Inc.,
 
 604 So.2d 807 (Fla.1992). Accordingly, the Defendant are not entitled to prevailing party attorney’s fees and cost with respect to Plaintiff Bristol.
 

 This appeal timely followed.
 

 Section 817.41(6) of the Florida Statutes (2008) authorizes the award of prevailing party attorney’s fees as follows:
 

 817.41 Misleading advertising published.
 

 * * *
 

 (6) Any person prevailing in a civil action for violation of this section shall be awarded costs, including reasonable attorney’s fees, and may be awarded punitive damages in addition to actual damages proven. This provision is in addition to any other remedies prescribed by law.
 
 *821
 
 § 817.41(6), Fla. Stat. (2003). Section 501.2105(1) of Florida’s Deceptive and Unfair Trade Procedure Act attorney’s fee provision provides:
 

 Attorney’s fees.
 

 [[Image here]]
 

 (1) In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney’s fees and costs from the nonprevailing party.
 

 § 501.2105(1), Fla. Stat.(2003)(emphasis added).
 

 Our court has held that a defendant is a prevailing party when the plaintiff voluntarily dismisses an action pursuant to rule 1.420(a)(1) and, therefore, the defendant is entitled to recover attorney’s fees under a prevailing party attorney’s fee statute.
 
 Vidibor v. Adams,
 
 509 So.2d 973 (Fla. 5th DCA 1987). Additionally, a prevailing party is entitled to recover an award of costs pursuant to rule 1.420(d) of the Florida Rules of Civil Procedure following a voluntary dismissal.
 

 Black Diamond sought fees and costs pursuant to sections 817.41(6) and 501.2105(1) of the Florida Statutes. Both statutes require that a party be a prevailing party in order to be entitled to recover attorney’s fees. However, section 501.2105(1) also requires that there be an entry of judgment before attorney’s fees can be awarded. In this case, attorney’s fees cannot be granted to Black Diamond under section 501.2105(1) because judgment is not entered following a voluntary dismissal.
 
 Nolan v. Altman,
 
 449 So.2d 898, 900-901 (Fla. 1st DCA 1984). Accordingly, Black Diamond is entitled to recover its attorney’s fees under section 817.41(6) only.
 

 Bristol contends that Black Diamond cannot be deemed a prevailing party for attorney’s fees or costs because the underlying litigation has not yet been concluded. Our court has held otherwise.
 

 In
 
 Long v. Martin,
 
 410 So.2d 607 (Fla. 5th DCA 1982), several plaintiffs brought an action arising out of an airplane crash. One of the plaintiffs voluntarily dismissed their action pursuant to rule 1.420(a) of the Florida Rules of Civil Procedure. The trial court awarded the defendant costs pursuant to rule 1.420(d) of the Florida Rules of Civil Procedure. On appeal, the plaintiff argued that the award of costs was premature because the action was still pending. We rejected this argument, holding that the assessment of costs was appropriate:
 

 [Rule 1.420(d) ] makes no distinction between dismissals by a single plaintiff and by one of several plaintiffs and we see no reason to create such a distinction. The interpretation sought by plaintiff would give an advantage to one of several plaintiffs not available to a single plaintiff, and not warranted by the rule in question.
 

 Id. See also Heston v. Vitale,
 
 432 So.2d 744, 745-46 (Fla. 4th DCA 1983). Therefore, under
 
 Long,
 
 Black Diamond is entitled to recover costs under rule 1.420(d).
 

 Although
 
 Long
 
 does not directly address the recovery of prevailing party attorney’s fees, we conclude that the reasoning is analogous. Here, the action between Bristol and Black Diamond has ceased due to Bristol’s voluntary dismissal. As such, Black Diamond is the prevailing party in the action. Therefore, under
 
 Long,
 
 Black Diamond is entitled to recover prevailing party attorney’s fees despite the fact that the underlying litigation was unresolved.
 

 
 *822
 
 Black Diamond also correctly argues that the trial court’s application of the significant issues test was not appropriate. In
 
 Moritz v. Hoyt Enterprises, Inc.,
 
 604 So.2d 807, 810 (Fla.1992), the Florida Supreme Court concluded that the prevailing party on the significant issues is the prevailing party for attorney’s fees. However, subsequent decisions by the Court have established that
 
 Moritz
 
 is not applicable in all attorney’s fee disputes. In
 
 Danis Industries Corp. v. Ground Improvement Techniques, Inc.,
 
 645 So.2d 420, 421 (Fla.1994), the Court stated:
 

 In
 
 Moritz
 
 and
 
 Prosper!,
 

 [1]
 

 on the other hand, the right to attorneys fees potentially existed for either party, whether by contract or by statute. Thus, these cases applied only where there might be some confusion as to who actually is the prevailing party-where neither party has fully won nor fully lost, but both potentially can claim attorneys’ fees. Because that is not possible here, the entire rationale for
 
 Moritz
 
 and
 
 Prosper!
 
 simply is inapplicable.
 

 Id.
 
 Here, there is no confusion over which party prevailed below. The only party entitled to recover attorney’s fees is Black Diamond because it was the prevailing party following Bristol’s voluntary dismissal.
 

 Accordingly, Black Diamond is entitled to recover costs under rule 1.420(d) of the Florida Rules of Civil Procedure and this court’s holding in
 
 Long.
 
 Black Diamond is also entitled to recover attorney’s fees under section 817.41(6) of the Florida Statutes and this court’s holdings in
 
 Vidibor
 
 and
 
 Long.
 
 Black Diamond is not entitled to recover attorney’s fees under section 501.2105(1) of the Florida Statutes.
 

 In closing, we note that Black Diamond’s entitlement to recover fees and costs would generally be limited to those fees and costs directly and exclusively related to each claim of Bristol on which recovery is allowed and would exclude any fees or costs that would have been incurred even if Bristol had not been one of the named plaintiffs. Although Bristol’s and the remaining plaintiffs’ claims were found to be essentially the same by the trial court, independent review of the record reveals that there is evidence of attorney’s fees and costs which might be attributable to Bristol’s participation in the suit separate and distinct from the other plaintiffs, such as the fees and costs incurred in preparing for and attending the deposition of Bristol.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 LAWSON and JACOBUS, JJ., concur.
 

 [1]
 

 .
 
 Prosperi v.Code, Inc.,
 
 626 So.2d 1360 (Fla.1993).