DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEER VALLEY REALTY, INC.,**
Appellant,

v.

**SB HOTEL ASSOCIATES LLC,** a Delaware limited liability company, et al.,
Appellee.

Nos. 4D14-2051 and 4D15-830

[April 27, 2016]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey E. Streitfeld, Judge; L.T. Case No. 12-10560CACE(07).

Raoul G. Cantero, David P. Draigh and Jesse L. Green of White & Case LLP, Miami, and Joseph E. Altschul of Joseph E. Altschul, LLC, Pembroke Pines, for appellant.

Bruce S. Rogow and Tara A. Campion of Bruce S. Rogow, P.A., Fort Lauderdale, and Herman J. Russomanno, Robert J. Borrello and Herman J. Russomanno, III of Russomanno & Borrello, P.A., Miami, for appellee.

MAY, J.

A failed real estate investment resulted in an action to recoup monetary losses. The plaintiff now appeals a judgment for the defendants and a consequent award of attorney's fees and costs. Concerning the underlying trial, the plaintiff argues the trial court erred in: (1) admitting "market crash" evidence and excluding the plaintiff's rebuttal evidence; (2) excluding evidence challenging the credibility of a defense witness; (3) entering a directed verdict for Trump Florida Management, LLC; and (4) denying the plaintiff's motion to amend the complaint to assert a punitive damages claim.[1] The plaintiff also appeals the award of attorney's fees

---

[1] These same issues were raised in an appeal brought by an unrelated plaintiff against the same defendants. The cases were tried together, and orally argued together, but remain independent. *See Taglieri v. SB Hotel Assocs. LLC*, No. 4D14-1983 (Fla. 4th DCA Apr. 14, 2016).

and costs based on separate proposals for settlement and section 817.41(6), Florida Statutes (2014). We affirm the final judgment and the cost judgment without further comment. We reverse the final judgment for attorney's fees.

The plaintiff's complaint was based on the "Offering Documents" that explained Donald Trump's role in the hotel project, which included a license to use his name and brand and provided for Trump Florida Management to act as the initial hotel manager. The Property Report stated in capital letters that "the condominium shall initially be known as the Trump International Hotel . . . pursuant to a license agreement with Donald J. Trump. If that license agreement is terminated, rights to the Trump name and servicemarks must cease. This may have a negative impact on the value of your unit."

The Purchase Agreement and other documents had similar disclosures. The Purchase Agreement contained the following statement: "Buyer has not relied upon . . . any representations as to: . . . (f) any particular hotel affiliation or maintaining any existing hotel affiliation."

SB Hotel Associates LLC ("SB Hotel") obtained a temporary certificate of occupancy in October 2008. A general manager and nine other hotel executives, selected by Donald Trump, were hired for the hotel opening. When buyers entered into reservation and purchase agreements in 2005, the real estate market was at a historic high. By the time the certificate of occupancy was issued and closings were scheduled in May 2009, the market had collapsed.

On May 5, 2009, in an effort to ensure compliance with the "Trump Standard," Trump Marks Fort Lauderdale LLC ("Trump Marks"), the licensor under the license agreement, issued a default notice to SB Hotel, identifying particular issues that Donald Trump believed SB Hotel needed to address. Trump Marks did not terminate either the license agreement or hotel management agreement, and did not attempt to remove the Trump name from the project.

On May 13, 2009, SB Hotel sent a letter to each buyer, which scheduled a walk through inspection and closing date of May 28, 2009. The letter advised buyers of the existence of the Trump Marks default notice. It also advised that "[g]iven the uncharted economic climate that we are adapting to, and the impact that the economy has had on both the real estate and hospitality industries, we do not believe that the hotel operation will open if purchasers have closed on fewer [than] fifty percent (50%) of the units." It informed buyers that they would not be permitted to occupy their units

until the hotel opened.

Of the 170 buyers, only one showed up to close. Not long after, the lender failed and was seized by the FDIC. The project went into foreclosure, and SB Hotel's interest was wiped out.

The plaintiff filed a third amended complaint, alleging counts for violation of the federal Interstate Land Sales Full Disclosure Act ("ILSA"), fraud, negligent misrepresentation, fraudulent concealment, and misleading advertising in violation of section 817.41, Florida Statutes. It alleged detrimental reliance upon Donald Trump's statements in his promotional materials and that it would not have purchased a unit absent Donald Trump's presence as the developer.

The jury returned a verdict for the defendants on all counts. The defendants moved for attorney's fees and costs pursuant to section 768.79, Florida Statutes; rule 1.442 of the Florida Rules of Civil Procedure; section 817.41(6), Florida Statutes; and ILSA. The trial court "granted [the motions] as to entitlement pursuant to and from the date of their August 16, 2013 separate Proposals for Settlement" and "as to entitlement from December 13, 2013 pursuant to Fla. Stat. § 817.41(6)."[2]

On appeal, the plaintiff argues the proposals for settlement do not comply with rule 1.442 and section 768.79, Florida Statutes, because they fail to state whether attorney's fees are part of the claim for relief, do not specify what portion of the proposals would settle a punitive damages claim, and penalized the plaintiff for failing to anticipate the defendants would amend their pleadings to include an attorney's fees claim.

The defendants respond that the proposals comply with both the rule and statute. Statements concerning attorney's fees and punitive damages are included in the proposal and no punitive damages claim was pending at the time the proposals were made. Amending the pleadings to add statutory claims for prospective attorney's fees did not impact the proposals.

We have de novo review of orders awarding "attorney's fees and costs pursuant to section 768.79 and rule 1.442." *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015).

---

[2] December 13, 2013, was the date the defendants moved to amend their answer by interlineation to include their claim for attorney's fees; the motion was granted.

3

Section 768.79 and rule 1.442 control attorney's fees awards based on a proposal for settlement. "Both section 768.79 and rule 1.442 are in derogation of the common law . . . which requires that we strictly construe both [of them]." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 376 (Fla. 2013). "A proposal shall . . . state whether the proposal includes attorneys' fees ***and whether attorneys' fees are part of the legal claim.***" Fla. R. Civ. P. 1.442(c)(2)(F) (emphasis added).

*Horowitch* is instructive. In answering a certified question from the Eleventh Circuit Court of Appeals, our supreme court stated:

> [E]ven if section 768.79 applied in this case, Diamond Aircraft would not be entitled to attorney's fees under that section because Diamond Aircraft's offer of settlement did not strictly comply with rule 1.442, as it did not state that the proposal included attorney's fees ***and attorney's fees are part of the legal claim.***

*Horowitch*, 107 So. 3d at 377 (emphasis added).

Here, paragraph five of the proposals stated:

> The claims to be resolved by acceptance of this proposal for settlement are all claims against Defendant that were raised in this action or could have been raised in this action by Plaintiff, and any claims against Plaintiff, that were raised in this action or could have been raised in this action by Defendant.

Paragraph seven stated: "This proposal for settlement is inclusive of all attorney's fees and costs incurred by Plaintiff or Defendant."

While the proposals included attorney's fees, they neglected to include a statement that "***attorney's fees [were] part of the legal claim.***" The proposals satisfied only half of rule 1.442(c)(2)(F)'s requirements. *Horowitch*, 107 So. 3d at 376–78. They were therefore invalid and unenforceable. The trial court erred in awarding attorney's fees pursuant to them. Because we hold the proposals invalid and unenforceable due to their noncompliance with the rule concerning attorney's fees, we do not address the plaintiff's additional arguments of the proposals' invalidity based on their handling of punitive damages and reference to section 817.41(6).

Next, the plaintiff argues the trial court erred in finding the defendants

are entitled to all of their attorney's fees under section 817.41(6) because that section is limited to fees incurred in a misleading advertising claim and fees related to the other claims should be excluded.  Alternatively, the plaintiff argues that because the court found the defendants are entitled to fees under section 817.41(6) from December 13, 2013, this Court should reverse any fee award granted under the proposals for settlement before then.

"[E]ntitlement to recover fees and costs [is] generally . . . limited to those fees and costs directly and exclusively related to each claim . . . on which recovery is allowed . . . ."  *Black Diamond Props., Inc. v. Haines*, 36 So. 3d 819, 822 (Fla. 5th DCA 2010).   However, the defendants argue the attorney's fees under the section 817.41(6) claim are inextricably intertwined with the other claims because they were based on the same facts and alleged wrongs.

"[W]here the claims involve a common core of facts and are based on related legal theories, a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought."  *Anglia Jacs & Co. v. Dubin*, 830 So. 2d 169, 172 (Fla. 4th DCA 2002) (internal quotation marks omitted) (quoting *Caplan v. 1616 E. Sunrise Motors, Inc.*, 522 So. 2d 920, 922 (Fla. 3d DCA 1988)).

"The party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible."  *Waverly at Las Olas Condo. Ass'n v. Waverly Las Olas, LLC*, 88 So. 3d 386, 388 (Fla. 4th DCA 2012) (internal quotation marks omitted) (quoting *Chodorow v. Moore*, 947 So. 2d 577, 579 (Fla. 4th DCA 2007)).

Because the trial court did not determine whether the claims were intertwined, we remand the case for that determination and for calculation of the amount of attorney's fees based on that determination.   We also direct the court to limit the fees from December 13, 2013, pursuant to its own order of December 17, 2014.

In conclusion, the proposals for settlement failed to strictly comply with rule 1.442(c)(2)(F) because they failed to state whether the attorney's fees were part of the legal claim.   They therefore cannot form a basis for the attorney's fees award.   While the trial court did not err in awarding fees under section 817.41(6), those fees are limited to the misleading advertising claim unless the court determines the claims were intertwined and to date from December 13, 2013.   We affirm the cost judgment.

*Reversed and Remanded.*

FORST, J., and SCHER, ROSEMARIE, Associate Judge, concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**