# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**CHRIS THOMPSON, P.A.** a/a/o **ELMUDE CADAU,**
Appellant,

v.

**GEICO INDEMNITY COMPANY,**
Appellee.

Nos. 4D21-1820 and 4D21-2310

[September 14, 2022]

Consolidated appeals from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Sandra Bosso-Pardo, Judge; L.T. Case No. 502018SC011039XXXXMB.

Douglas H. Stein of Douglas H. Stein, P.A., Coral Gables, for appellant.

Michael A. Rosenberg, Peter D. Weinstein, Adrianna De La Cruz-Muñoz, and Daniela Silva of Cole, Scott & Kissane, P.A., Plantation, for appellee.

***ON MOTION FOR WRITTEN OPINION***

PER CURIAM.

We grant appellant's motion for written opinion as to that portion of the panel opinion affirming the trial court's order granting attorney's fees pursuant to a proposal for settlement.

Appellant argues that Geico's proposal did not comport with the requirements of Florida Rule of Civil Procedure 1.442 and that the affirmance conflicts with *Deer Valley Realty, Inc. v. SB Hotel Associates LLC*, 190 So. 3d 203, 206 (Fla. 4th DCA 2016).

However, appellant failed to preserve that argument by timely raising it in the circuit court.

The record reflects that on March 10, 2021, Geico moved for entitlement to attorney's fees and costs pursuant to a proposal for settlement. Appellant did not file a written response. On May 11, 2021, the trial court held a hearing on the motion, during which appellant contended that the

offer was not made in good faith.  Appellant never argued that the proposal failed to comply with Florida Rule of Civil Procedure 1.442.  The trial court granted Geico's motion for entitlement to fees.

Appellant moved for rehearing, arguing for the first time that the proposal for settlement was "defective as a matter of law" for failing to state whether attorney's fees were part of the legal claim.  It also filed a second motion for reconsideration, again arguing that the proposal for settlement was defective because it did not comply with rule 1.442.  Appellant submitted a memorandum, acknowledging that it was "raising an issue undisputably not previously presented to the court," but pointing out that the order determining entitlement was not a final order and was therefore subject to reconsideration at any time prior to judgment—in this case, an order determining the amount of fees owed.

Geico's response asserted, among other things, that appellant waived the issue regarding the validity of the proposal because it failed to raise the argument at any of the prior hearings.  Geico also noted that the case relied upon by appellant, *Deer Valley*, was decided in April 2016, and was therefore available to appellant on May 11, 2021, when the motion for entitlement was heard.

The trial court denied appellant's motion, finding that it "did not timely raise the DEER VALLEY issue."

Appellant asserts that the trial court could not ignore binding authority simply because it was brought before the court on a motion for reconsideration, noting that the order granting entitlement was a non-final order.  It is true that "a trial court has the inherent authority to reconsider a non-final order and modify or retract it." *Precision Tune Auto Care, Inc. v. Radcliff*, 731 So. 2d 744, 745 (Fla. 4th DCA 1999).  Yet, it is not an abuse of discretion to deny a motion for reconsideration which raises an issue that could have been, but was not, raised in a pre-hearing filing or at the entitlement hearing.  *See Bank of Am., N.A. v. Bank of N.Y. Mellon*, 338 So. 3d 338, 341 n.2 (Fla. 3d DCA 2022) ("A trial court does not abuse its discretion in denying a motion for reconsideration or rehearing which raises an issue that could have [been], but wasn't, raised in the initial motion or at the initial hearing."); *see also Kovic v. Kovic*, 336 So. 3d 22, 25 (Fla. 4th DCA 2022) (stating that an issue was not preserved because "[t]he first time this argument was raised was in the motion for rehearing of the order on appeal"); *Best v. Educ. Affiliates, Inc.*, 82 So. 3d 143, 146 (Fla. 4th DCA 2012) (declining to consider new evidence or argument raised for the first time in a motion for rehearing in the trial court); *Trinchitella v. D.R.F., Inc.*, 584 So. 2d 35, 35 (Fla. 4th DCA 1991) ("We

cannot consider the issues raised for the first time in a motion for rehearing in the trial court.").

On the remaining issue, the trial court did not abuse its discretion in determining that Geico's proposal for settlement was made in good faith.

*Affirmed.*

WARNER, GROSS and KUNTZ, JJ., concur.

\*  \*  \*

***Not final until disposition of timely filed motion for rehearing.***